### W. A. (PETE) ENIX V. THE STATE.

No. 11024.   Delivered November 2, 1927.

**1.—Arson—Special Term of Court—Selecting Jury—Held Proper.**

Where, on adjournment of the regular term of court, and before the expiration of the term, the trial judge immediately convened a special term of court and appointed jury commissioners to draw a jury for said special term, this procedure was proper.

**2.—Same—Continued.**

Notwithstanding that the codifiers failed to embrace within the revised criminal statute of 1925 the provision authorizing the convening of a special term of the District Court, under the Constitution and civil statutes such term may be called and held. See Minor v. State, No. 10931, opinion delivered June 1, 1927, reported in this volume.

**3.—Same—Evidence—Properly Admitted.**

Where appellant was on trial for burning a school house, parol testimony that the school house was in a district that was incorporated was properly admitted, proof of the corporate existence being thereafter shown by the order of the commissioners' court establishing such district.

**4.—Same—Evidence—Harmless Error.**

Where, on a trial for burning a school house, testimony was admitted that the district in which the burned school house was located had voted bonds was harmless, and its admission did not constitute reversible error.

**5.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where appellant complained of the admission of the testimony of the accomplice, of statements made by appellant to said accomplice, and his bill fails to show when such statements were made with reference to the issue of the trial, and does not negative that they were a part of the res gestae, such bill is incomplete and discloses no error.

**6.—Same—Continued.**

A bill of exception should be made so full and certain in its statements as that in and of itself it will disclose all that is necessary to manifest the supposed error. See Branch's Ann. P. C., Sec. 207; James v. State, 138 S. W. 618.

**7.—Same—Evidence—Bill of Exception—Qualification of Court—No Error Shown.**

Where appellant complains of the admission of the testimony of the accomplice to statements made to him by appellant and the court qualifies his bill to the effect that the testimony objected to was res gestae, appellant is bound by the qualification, and no error is shown.

**8.—Same—Evidence—Of Other Offenses—Erroneously Admitted.**

Where, on a trial for arson, the accomplice was permitted to testify that appellant had told him that he had $981 which he had received for burning houses, the error in its admission demands the reversal of the judgment. It was not pertinent to any issue on the trial, and could have no other effect than to show that appellant was a criminal generally. See Briggs v. State, 250 S. W. 775.

**9.—Same—Argument of Counsel—No Error Shown.**

There was no error in state's counsel discussing the testimony of the accomplice and drawing legitimate deductions from same, and we know of no rule to the contrary.

**10.—Same—Continued.**

Where counsel for the state criticized the testimony of appellant on the issue of alibi, which was presented to by witnesses for appellant, we cannot discover in this argument any reference to appellant's failure to testify.

Appeal from the District Court of Hopkins County. Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction for arson, penalty five years in the penitentiary.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MARTIN, JUDGE.—The offense is arson, the punishment confinement in the penitentiary for five years.

The state's testimony shows that the school house of Paint Rock School District No. 75 was destroyed by fire on the 26th

of November, 1926; that on the night of the fire appellant, Clarence Davidson, and others went hunting; that they drove home in an automobile, appellant and Davidson riding in the rear seat; that there were some cotton sacks in the back of the car, which belonged to Roy Harry, who was driving the car; that there was a ring on the corner of one of the sacks with a piece of wire twisted around it; that appellant threw a cotton sack out of the car; that appellant and Davidson got out of the car, and appellant went back and got the cotton sack; that Davidson and appellant went to the school house; that appellant poured oil on the sack from a lantern the parties were carrying; that while Davidson kept watch appellant placed the cotton sack in the north part of the building, set fire to it, and closed the door; that appellant and Davidson went from the school house to appellant's home, and that Davidson went from there to his home; that after the building was burned a ring with a piece of wire twisted around it was found in the ashes; that after the fire the witness Roy Harry missed the cotton sack with the ring and wire on it; that after the fire appellant advised Harry that he would get him another sack, and requested the witness, if questioned about the sack, to show that he hadn't lost it; that the witness refused to comply with appellant's request; that later appellant requested Harry to go to his (appellant's) father and tell him that he hadn't lost a cotton sack; that the witness Harry had exhibited to him the ring found in the ashes, and stated that the ring was the same size as the ring attached to the sack he had lost; that the tracks of two men were found along the course described by Davidson as having been followed by appellant and himself.

Appellant did not testify. His witnesses testified that he was at a place other than the school house on the occasion of the fire.

Appellant was tried at a special term of the District Court by a jury selected by a jury commission appointed at said special term. Finding that no jury commission had been appointed by his predecessor to select juries for the regular January term of court, the trial judge adjourned the regular term before the expiration thereof by operation of law and immediately convened a special term of court. Appellant made a motion to quash the jury panel on the ground that the Code of Criminal Procedure of 1925 contains no provision authorizing the convening of special terms of the District Court, and that such special term was illegal. He now brings forward bill of exception No. 1, wherein he complains of the action of the

trial court in overruling his motion. Appellant's contention has been passed on adversely by this court in the case of Minor v. State, No. 10931, in an opinion rendered June 1, 1927, and reported in this volume.

By bill of exception No. 2 appellant complains of the action of the court in permitting a witness for the state to testify over his objection, that Paint Rock School District No. 75 was a corporation, his contention being that parol testimony was not the best evidence of the incorporation of said district. The record · discloses that after the witness had given the testimony complained of the order of the commissioners' court establishing and redefining said district was introduced in evidence. The bill of exception manifests no reversible error.

By bill of exception No. 3 appellant complains of the action of the court in permitting a witness for the state to testify, over his objection, that Paint Rock School District No. 75 voted bonds and had voted bonds, appellant's contention being that the testimony was not the best evidence of the incorporation of said district. We are unable to perceive how this testimony could have resulted in injury to appellant, inasmuch as the record shows that the order of the commissioners' court redefining and establishing the district was introduced in evidence. We are constrained to hold that no prejudicial error is manifested by the bill.

By bill of exception No. 4 appellant complains of the action of the court in permitting the accomplice witness Davidson to testify over his objection to declarations made to him by appellant, while they were on their way to the schoolhouse. As shown by the bill the witness had testified that, after the sack had been thrown out of the automobile, appellant said he was going to burn George Moncrief's barn. Appellant objected to this testimony and the court withdrew it from the jury. The witness was then permitted to testify, over appellant's objection, that he and appellant went back to George Moncrief's and started to the barn; that the mules began to snort, and that appellant said, "We had better not go." Appellant objected to the testimony on the ground that it referred to extraneous matters, was irrelevant, immaterial and prejudicial. It is noted that appellant's bill is not predicated on the testimony withdrawn from the consideration of the jury, but solely on the theory that the statements of the witness relative to the fact that he and appellant started toward the barn, and that appellant said that they had better not go, were prejudicial. Appellant's bill of exception fails to show when the transaction

occurred with reference to the time of the burning of the school house. Nothing is shown in the bill that would in any manner negative the idea that the transaction and declaration was part of the res gestae. The legal presumption is that the ruling of the trial court was correct, unless the bill of exception shows otherwise. We are unable to say that the presumption of the correctness of the ruling of the trial court is rebutted, in view of the fact that we cannot determine whether the transactions complained of were part of the res gestae. The rule as announced in the decisions of this court is that a bill of exception should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error. Branch's Annotated Penal Code, Section 207; James v. State, 138 S. W. 612. It follows that appellant's bill of exceptions manifests no error.

By bill of exception No. 5 appellant complains of the action of the court in permitting the accomplice Davidson to testify over his objection that appellant stated to him that he (appellant) was going to burn the Paint Rock schoolhouse to hide the Rockdale fire. The court qualified the bill as follows:

"The above proceedings took place not more than five minutes before the building was burned and while the accomplice and the defendant were approaching said building, and the court admitted said evidence for the reason that it was admissible as direct testimony and as res gestae."

As qualified, the bill manifests no error.

We have carefully examined bills of exception Nos. 6 to 9, inclusive, and find that they manifest no error.

By bill of exception No. 10 appellant complains of the action of the trial court in permitting a witness for the defendant on cross-examination to testify, over his objection, that the testimony was with reference to extraneous matters, was irrelevant, prejudicial and not relative to any issue in the case, that appellant stated to him before the fire and while they were hunting, that he (appellant) had $981, which he had received for burning houses. It is not necessary to cite authorities in support of the proposition that proof of extraneous crimes should be excluded unless same comes within one of the recognized exceptions. The record does not disclose that a statement by appellant that he had received $981 for burning houses is material to any issue in the case. In the absence of an issue upon which such testimony would have material and pertinent bearing it could have no other effect than to show that appellant was a criminal generally. Proof of the facts that one is

a criminal generally is conceded to be prejudicial.   Briggs v. State, 280 S. W. 775.

Believing that the bill of exceptions manifests prejudicial error, we are constrained to uphold appellant's contention that the learned trial judge fell into error in admitting the testimony.

By bill of exception No. 11 appellant complains of certain statements made by the County Attorney in his argument, on the ground that there was no evidence to support it, except the unsupported testimony of an accomplice, and that said statements were harmful and prejudicial.   We do not understand that the State's Attorney may not discuss the testimony of an accomplice and draw therefrom reasonable deductions, and are constrained to hold that appellant's bill of exception manifests no error.

Appellant's bill of exception No. 12 manifests no error. Appellant's witnesses testified that he was at a place other than the school house on the occasion of the fire.   In his argument the County Attorney used language as follows:

"Where is that testimony, gentlemen, that would warrant you to believe that Pete Enix, at the time of setting fire to that school house, was anywhere other than there with a coal-oiled sack and a match in his hand.   Davidson said he was, didn't he?"

In view of the fact that appellant had other witnesses who testified on the issue of alibi, we do not understand that the language could be construed to be either a direct or indirect reference to the failure of appellant to testify.

For the error pointed out, the judgment is reversed and the cause remanded.                         *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.