YOUELL MERSHON V. THE STATE.

No. 21638. Delivered June 11, 1941.
Rehearing Denied November 12, 1941.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is receiving and concealing stolen property; the punishment, eight years in the penitentiary.

On the night of February 8th, 1941, the mercantile establishment of Radford Grocery Company was broken into, and 182 cartons of cigarettes were stolen therefrom. Practically all of these stolen cigarettes were subsequently recovered and identified by means of the serial numbers of the stamps affixed thereon. 67 cartons of cigarettes were found as a result of the search of appellant's automobile, which he was driving at the time. After appellant's arrest, he directed the officers to a trailer house, near a certain cafe, where approximately 100 cartons of cigarettes were found.

The witness Cox testified that he alone stole the cigarettes and placed them in a taxicab parked on a vacant lot. He did not thereafter see them, nor did he know the driver of the taxicab.

The sheriff testified that, after arrest, appellant told him that he did not steal the cigarettes; that they were brought to his house by somebody else; and that they came from the Radford Grocery Company.

By appellant's confession, it is shown that, on the afternoon prior to the theft, appellant, Timberlake, Byars, and Cox discussed the matter of obtaining cigarettes, and of disposing of them, and that it was agreed as follows:

"Timberlake and Cox said that they knew where they could get cigarettes if I could sell them, and I agreed that I would dispose of them if they would bring them to my house - - - -." In the confession, appellant further detailed the delivery to him, at his house, of 181 cartons of cigarettes, by Timberlake and Cox, and how they were disposed of. Admission was made therein of the possession of the cigarettes found as a result of the search of the automobile by the officers.

Appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defensive testimony.

There was some evidence tending to raise the issue of fact that the confession was not voluntary. The trial court charged

the jury thereon, and no exception is brought forward complaining of the receipt in evidence of the confession.

Appellant challenges the sufficiency of the evidence to show his guilt. He contends that, if the facts show him guilty of any offense, it is that of being a principal to the theft, which would preclude his guilt of receiving or concealing the stolen property. His position rests, primarily, upon the facts showing him to be a party to a conspiracy to steal the cigarettes, in which he was to dispose of the cigarettes when stolen and delivered to him by the thieves.

The question presented has often been before the court. The more recent, and, perhaps, the leading, case upon the subject is that of Petty v. State, 82 S. W. (2d) 965, 128 Tex. Cr. R. 562, where the prior cases are collated and discussed. See, also, Rountree v. The State, 143 S. W. (2d) 942; Hardie v. State, 144 S. W. (2d) 571. From these cases, it now appears that the settled and controlling rule of law is that, where one is a party to a conspiracy to commit theft, and is not otherwise connected with the taking of the property, but who thereafter receives the property after it is stolen, he does not become a principal to the theft, unless, at the time he receives the property, he does so under an agreement to dispose of same, and from and out of which disposition the other coconspirators or thieves are to receive a part of such proceeds or some benefit therefrom. Applying that rule to the instant case, we find that, in his confession, appellant stated that he was to dispose of the cigarettes when delivered to him. There is an absence of any proof in the record as to what was to be done with the proceeds of the disposition made. To such extent the facts do not fall within the rule stated.

Moreover, the accomplice witness Cox denied that there was any agreement whereby appellant was to sell the cigarettes; and, in answer to the question, "Q. But you did have an agreement with him, before you stole them, that he would sell them, didn't you?", Cox replied: "A. No, sir. We didn't have that agreement"; the effect of which answer was to deny the existence of any conspiracy whatsoever.

In the light of all these facts, we are unable to reach the conclusion that the evidence shows as a matter of law the guilt of appellant as a principal to the theft. We are not passing upon the question as to whether the facts were sufficient to raise

such an issue for the jury's consideration. That question is not before us and is not decided.

Appellant complains of the receipt in evidence of the testimony showing the result of the search of his automobile. He contends that probable cause to search the car was not shown to exist. A bill of exception preserving the complaint is properly before us. It is not necessary to determine this question, because testimony to the same effect as that objected to was in evidence from other sources, and without objection. In this connection, we call attention to the fact that, in the confession, appellant admitted the possession of the cigarettes in his car and the search thereof as made by the officers. Also, the sheriff testified, without objection, that the appellant, while under arrest, told him that the cigarettes had been brought to his house by somebody else.

The search of the car only tended to establish possession in appellant of a part of the stolen cigarettes. This appellant admitted, as pointed out. Hence, he is not in position to complain of the search of the car, the rule being that, where testimony is admitted, over objection, and the same testimony, or testimony to the same effect, is thereafter admitted, without objection, the objection in the first instance is waived. McLaughlin v. State, 4 S. W. (2d) 54, 109 Tex. Cr. R. 307; Montgomery v. State, 31 S. W. (2d) 440, 115 Tex. Cr. R. 469; Countee v. State, 44 S. W. (2d) 994, 119 Tex. Cr. R. 131; Bowers v. State, 125 S. W. (2d) 555, 136 Tex. Cr. R. 387.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant seriously contends that we erred in several respects in the original disposition which we made of this case: First, because we held the evidence sufficient to show that he was a concealer of stolen property, knowing that it had been stolen, and not a principal to the theft thereof; second, because the search of his auto-

mobile was illegal; and third, because the corpus delicti was not established except by the appellant's extrajudicial confession alone. We have again carefully reviewed the record in the light of the appellant's contention but see no reason to recede from the views expressed in our original opinion wherein the questions here presented are fully discussed.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.