EDWARD B. GARLAND V. STATE

No. 25538. December 5, 1951.
Rehearing Denied February 13, 1952.

Hon. James G. Denton, Judge Presiding.

*Vernon D. Adcock*, Lamesa, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving an automobile upon a public highway while intoxicated, the jury having assessed a $50 fine as punishment.

There are two bills of exception, both relating to the admission of testimony of George M. Knox, one of the arresting officers, as to statements made by appellant, which the witness testified followed his detention or arrest.

The testimony complained of in Bill of Exception No. 1 appears to be identical with that of officer Truill on the same matter. The latter testimony having been admitted without objection, no reversible error is shown by this bill. See Mershon v. State, 142 Tex. Cr. R. 575, 155 SW(2) 372.

Bill of Exception No. 2 complains that Knox was permitted to testify that he asked appellant if he had had anything to drink, and that appellant replied, "I have had a few social drinks."

In the absence of a showing in the bill that the conversation was not part of the res gestae, no error is shown. See Enix v. State, 108 Tex. Cr. R. 106, 299 S. W. 430.

The state's testimony shows the guilt of appellant as charged. Appellant offered witnesses as to his good reputation as a law abiding citizen, but did not testify or offer testimony showing any defense to the charge for which he was on trial. The jury assessed the minimum punishment.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant urges us to reconsider his Bill of Exception No. 2 on the grounds that the statement made by appellant to the arresting officer was not a part of the res gestae. We have re-examined the bill and find the only grounds of objection set forth therein to be: "that the oral statements made by the defendant after he had been detained and stopped by the officers were made while under arrest and inadmissible". It follows that the question of whether the statements were or were not a part of the res gestae was not before the trial court and therefore cannot be raised here.

On the question of statements made at the time of arrest, we recently had this to say in Clifton v. State, 156 Texas Crim. Rep., 655, 246 S. W. (2d) 201:

"However, for the purpose of clarification, it appears that appellant is laboring under the impression that no witness may be allowed to testify as to anything he observed subsequent to the moment of arrest. In this, he is mistaken. It has long been the holding of this Court that, 'If such acts or declarations were part of the res gestae they are admissible notwithstanding the fact that they may not be admissible as confessions or as admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest.' 18 Tex. Juris., Sec. 193, p. 313."

Remaining convinced that our original disposition of this cause was correct, appellant's motion for rehearing is overruled.