CLYDE C. BRYANT V. STATE

No. 25584. December 19, 1951.

Hon. David McGee, Judge Presiding.

*Jack Ray* and *A. Foy Curry, Jr.*, by *A. Foy Curry, Jr.*, Ft. Worth, for appellant.

*Stewart W. Hellman,* Criminal District Attorney, *W. H. Tolbert, Charles Lindsey,* and *Ronald Aultman,* Assistants Criminal District Attorney, Ft. Worth, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 10 days in jail and a fine of $100.00.

Two members of the highway patrol testified that on the day in question, while on duty, they observed an automobile passing a group of automobiles without sufficient clearance, thus causing the automobiles which were meeting him to pull off on the shoulder of the highway to avoid being hit. They testified that they gave chase and were finally able to bring this automobile to a halt and observed that appellant was driving it and that he was intoxicated.

Appellant testified and admitted having drunk one bottle of beer, but denied that he was intoxicated. In this, he was supported by his witnesses. The jury accepted the state's version thereof.

Appellant presents us three bills of exception, each one containing the entire testimony, both on direct and on cross-examination, of three different witnesses, with a general objection leveled at all of such testimony.

In Cagle v. State, 147 Tex. Cr. R. 354, 180 S. W. (2d) 928, we cited with approval Section 211, Branch's Annotated Texas Penal Code, as follows: "A bill of exception is too general to be considered if it includes a number of statements some of which are clearly admissible, and there is nothing in the objections to directly challenge or single out the supposed objectional evidence."

In Clifton v. State, No. 25,524, (Page 655, this volume), 246 S. W. (2d) 201, we said: "However, for the purpose of clarifica-

tion, it appears that appellant is laboring under the impression that no witness may be allowed to testify as to anything he observed subsequent to the moment of arrest. In this, he is mistaken. It has long been the holding of this Court that, 'If such acts or declarations were part of the res gestae they are admissible notwithstanding the fact that they may not be admissible as confessions or as admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confesisons or admissions after arrest.' 18 Tex. Juris., Sec. 193, p. 313."

Bill of Exceptions No. 3 seeks to complain about a question asked by the prosecutor, but the bill does not show what the question was.

Finding no reversible error, the judgment of the trial court is affirmed.