478

## GILBERT DEAN ROSE V. STATE

No. 29,213. November 6, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 15, 1958.

*H. J. Bernard,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White and Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 10 years.

Officer Whatley testified that on the night in question he arrived at a designated address in the city of Houston and there found appellant seated in a police automobile, that the appellant called him over to where he was seated, asked to talk to the witness in private, and when the witness assented the appellant told him "to go into the kitchen of his home, and look up in a hole in the ceiling and get a suitcase. He said I might as well get the rest of the stuff." Officer Whatley testified that following this he entered the appellant's home, followed the appellant's instructions and retrieved the suitcase, the existence of which had been unknown to him prior to his conversation with the appellant and which was shown to contain marijuana.

There was other evidence which was admissible but which we will not consider because of the trial court's ruling on an objection thereto.

The appellant did not testify or offer any evidence in his own behalf.

Appellant first contends that Whatley's testimony was inadmissible because he was not armed with a search warrant, because the appellant was under arrest, and because the testimony of the other officers, the objection to which had been sustained by the trial court, establishes the fact that they had already found other marijuana behind the kitchen door.

We think the record is clear that none of the officers knew anything about the marijuana in the attic until the appellant told Whatley where it might be found and invited him to enter the home and look for it, and that Whatley's testimony became clearly admissible by virtue of the operation of Article 727, V.A.C. C.P. See Kindle v. State, 162 Texas Cr. Rep. 395, 285 S.W. 2d 740.

We pass on to a discussion of appellant's bill of exception to argument. The suitcase was identified at the trial by both Officers Whatley and Jernigan as being the same bag which they had gotten from the attic. There was no issue raised by the testimony as to its identity. In the course of his argument, the prosecutor displayed to the jury a piece of cardboard and said, "I did not introduce this identification tag, but this is the tag that came off that suitcase." The trial court sustained the appellant's objection and instructed the jury not to consider the same and qualified the bill by certifying that the tag referred to was not placed in the hands of the jury.

Clearly, this argument was improper, but we must determine if it was harmful to the appellant. Since there was no issue raised during the course of the trial by cross-examination, or otherwise, as to the identity of the suitcase, then "no new and harmful fact" was "injected into the case" by this statement of the prosecutor, and the same does not constitute reversible error. King v. State, 156 Texas Cr. Rep. 508, 243 S.W. 2d 846. The case of Lynch v. State, 81 Texas Cr. Rep. 64, 193 S.W. 667, and the other cases relied upon by the appellant have no application here because they present a situation where there was a controversy over certain evidence and the prosecutor pitched his unsworn testimony into the balance.

Finding no reversible error, the judgment of the trial court is affirmed.