**Carl GIBSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40967.**

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

Robert M. Moore, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Wells Stewart, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary with a prior conviction for burglary alleged for enhancement; the punishment, twelve years.

Appellant challenges the sufficiency of the evidence to support the conviction.

The injured party, Harris, testified that when he returned home from work on the day in question he discovered that a large quantity of food, a man's ring in the shape of a western belt encrusted with diamonds, a wedding band with six diamonds and several articles of wearing apparel were missing from his home; he then called the police. Upon the arrival of the police, certain marks were found on the rear door near the lock. Harris further testified that appellant had rented his garage apartment, but had moved away prior to the occasion in question. He further testified that all the stolen items except the food and a few articles of clothing were returned to him thereafter by the police.

Mrs. Hilliard, one of the Harris' neighbors, testified that on the day in question she saw appellant walk out of the Harris' driveway carrying a pillow case which seemed to be full, and that her attention was directed to appellant and his departure from the Harris' because she knew he no longer lived in their garage apartment.

Officer Smith testified that he went to a certain grocery store in Houston some two weeks after the burglary and inquired of the manager if the appellant worked there, that appellant was identified to him, that he then approached appellant and asked him his name, observing that appellant, upon being confronted by the officer, placed something in his pocket. Smith then asked appellant what he had there, and appellant replied "Just this," producing from his pocket a ring which the officer recognized as being one of the items reported stolen from the Harris' home. Smith then said, "This looks like it; where is the rest of the property?", whereupon appellant replied, "Well, I might as well get my business straight, it's in my apartment." Following this, appellant directed the arresting officers to his aparment where they waited while appellant gathered up the remainder of the property which had been reported as missing, and placed it on his bed. The arresting officers then carried the property to the police station and the appellant before a magistrate.

Appellant did not testify or call any witnesses in his behalf at the hearing on guilt or innocence.

■ We have concluded that the evidence is sufficient to support the conviction.

■ Appellant's second ground of error is that the court erred in admitting into evidence the ring which appellant produced to Officer Smith at the grocery store. Appellant cites no authority in support of his contention, and we conclude that the ring was admissible. See Hill v. State, Tex.Cr. App., 403 S.W.2d 421, and Jones v. State, 167 Tex.Cr.R. 72, 318 S.W.2d 444, cert. den. 361 U.S. 846, 80 S.Ct. 100, 4 L.Ed.2d 84.

■ Appellant's third ground of error is that the trial court erred in admitting into evidence the property found in appellant's apartment. This is not a consent to search case, but one in which the accused says to the officers, "Come with me and I will show you where the stolen property may be found." In such a case, the property so recovered is admissible. Rose v. State, 165 Tex.Cr.R. 478, 308 S.W.2d 52, and Kindle v. State, 162 Tex.Cr.R. 395, 285 S.W.2d 740. See also Douthit v. State, Tex.Cr.App., 408 S.W.2d 712.

Appellant's last ground of error is that the court erred in failing to grant his motion to suppress all evidence relating to the recovery of the stolen property. In view of what we have heretofore said, this ground of error need not be further discussed.

Finding no reversible error, the judgment is affirmed.