Lawrence Ray ALBERTI, Appellant,

v.

The STATE of Texas, Appellee.

·No. 45978.

Court of Criminal Appeals of Texas.

May 30, 1973.

Kenneth L. Sanders, Lieberman, Tratras & Markowitz, by Murray L. Lieberman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

The prior opinion is hereby withdrawn.

Appellant was convicted by a jury on his plea of not guilty to possession of a nar-

cotic drug, to-wit, marihuana, and the jury assessed the punishment at twenty (20) years.

Officer B. D. Jackson of the Narcotics Division of the Houston Police Department, in a hearing outside the presence of the jury, testified that an informer, who had given him reliable information more than once before, called him over the telephone and told him that Lawrence Alberti had a large quantity of marihuana and LSD in his possession for sale and use, at apartment 252 at the Gulfland Apartments in Houston, and that he would be at that location for a short time. Realizing that Alberti might be gone before he could obtain a search warrant, the officer, accompanied by other officers, went immediately to said apartment and knocked on the door. Appellant came to the door, and when Jackson asked to speak to Lawrence, appellant said, "I am Lawrence, come on in." The officers stepped inside upon his invitation, and Jackson saw a shoe box in plain view on the bar directly in front of the door. There was no lid on the box and marihuana in cellophane bags was piled up so that it was clearly visible from the front of the apartment. Appellant said it was his and none of the other persons present were involved in it.

The officer said he asked appellant if there was any more in the apartment and he stated, "Yes, in the icebox," at which time appellant walked to the icebox and took from it a plastic glass containing ninety-seven cellophane packages containing green tablets and twenty some odd red and blue capsules, which were shown to be LSD, and two syringes and needles.

■ The only issue which we must resolve on rehearing is the legality of this initial seizure. We recognize that it has long been the rule in this jurisdiction that an invitation to officers to enter a residence ordinarily cannot be construed as an invitation or consent to *search*. Robertson v. State, 375 S.W.2d 457 (Tex.Cr.App. 1964). However, that case and many oth-

ers have recognized that officers invited in are not trespassers and have a right to seize articles in open view. Coronado v. State, 167 Tex.Cr.R. 206, 319 S.W.2d 104 (1958); Lucas v. State, 368 S.W.2d 605 (Tex.Cr.App.1963) cert. denied, 375 U.S. 925, 84 S.Ct. 271, 11 L.Ed.2d 167 (1963). This is simply a restatement of the axiom that an officer may seize what he sees in plain sight or open view if he is lawfully where he is. E. g., Jackson v. State, 449 S.W.2d 279 (Tex.Cr.App.1970); Gonzales v. State, 467 S.W.2d 454 (Tex.Cr.App. 1971). There has been no showing in the instant case that the officers gained entry by fraud or deceit. The shoe box containing the marihuana was properly admitted.

■ As to the other narcotics and paraphernalia recovered, we note that they were obtained after the officers recovered the shoe box. Appellant was then placed under arrest and given his warnings. To an inquiry whether or not there was "any more" in the apartment, appellant stated "yes" and retrieved capsules, syringes and needles from an icebox. Even viewed as in-custodial interrogation, no error is shown in the admission of such testimony or the items recovered.

Appellant's first ground of error that the arrest, search and seizure were without probable cause is overruled.

For his ground of error number two, appellant contends that it was not proved that he had possession of the marihuana in question, since four other adults were also in the apartment when it was recovered by the officers.

■ Such possession need not be exclusive. Romero v. State, 474 S.W.2d 717 (Tex.Cr.App.1971).

■ Appellant's res gestae statement that the contraband was his and nobody else was involved in it was sufficient to focus possession in him. Such res gestae statements were admissible, without warnings. Parsley v. State, 453 S.W.2d 475 (Tex.Cr.App.1970); Bryant v. State, 156

Tex.Cr.R. 524, 244 S.W.2d 662 (1951); Garland v. State, 157 Tex.Cr.R. 4, 246 S. W.2d 204 (1951); Heath v. State, 375 S. W.2d 909 (Tex.Cr.App.1964); Kimble v.· State, 172 Tex.Cr.R. 31, 353 S.W.2d 442 (1961).

Appellant's second ground of error is overruled.

■ Without citing authorities, appellant for his third ground of error argues that Arts. 725b, Sec. 2(a) and 725b, Sec. 14, Vernon's Ann.P.C., classifying marihuana as a narcotic drug are unconstitutional.

This contention has been rejected by this Court, and we are not persuaded to change our views. Coyne v. State, 485 S.W.2d 917 (Tex.Cr.App.1972); Sanders v. State, 482 S.W.2d 648 (Tex.Cr.App.1972).

We overrule appellant's third ground of error.

Finding no merit in appellant's further contentions, and no error in the record, the judgment is affirmed.

DOUGLAS, J., not participating.