**Willie Lee KIRVIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56759.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 20, 1978.

Alfonzo R. Greenidge, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum and Reed Prospere, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

OPINION

WILLIAM J. CORNELIUS, Commissioner.

The conviction was for burglary of a habitation with the intent to commit sexual abuse of a child. Punishment was set by the jury at ninety-nine years' confinement.

The State's version of the evidence revealed that Apolonio Buenrostro and his wife, Juanita, left their home in Dallas on December 3, 1975, to visit a relative and were gone for some fifteen to twenty minutes. Their four children were left at home. While Mr. and Mrs. Buenrostro were away, a black man wearing a wig, glasses and a dark leather jacket entered their home through the back door. He looked around briefly, then went to the kitchen and got some grease from a skillet, rubbed it on his genitals and got on top of Maria Buenrostro, one of the children. Medical testimony indicated that an attempt at penetration or actual penetration of Maria's anus had been made. Some four weeks later when the Buenrostro family was at a washateria in northeast Dallas, the children saw and recognized appellant. They pointed him out as the perpetrator of the offense and they later also identified appellant from a group of photographs which were shown them by the Dallas Police Department. Appellant was also identified in court by Ysaias Buenrostro and Maria Buenrostro.

The first complaint on appeal is of the trial court's action in allowing Mrs. Buenrostro to testify to out of court statements made by her children that appellant was the man who entered their home and abused Maria. The statements were made by the children when the family had gone to the washateria near their home and the children saw appellant there using a telephone.

The statements of the children at the washateria were hearsay and were too remote from the offense to come within the res gestae exception to the hearsay rule. However, Mr. Buenrostro was later allowed to testify to the same statements without objection. In fact, appellant's counsel proceeded to develop the evidence in even more detail on his cross-examination of Mr. Buenrostro. Where testimony is admitted erroneously over objection and the same testimony or testimony to the same effect is thereafter admitted without objection, the objection in the first instance is waived.

*Davis v. State*, 516 S.W.2d 157 (Tex.Cr.App. 1974); *East v. State*, 420 S.W.2d 414 (Tex. Cr.App.1967); *Lockhart v. State*, 171 Tex. Cr.R. 648, 352 S.W.2d 749 (1961); and *Mershon v. State*, 142 Tex.Cr.R. 575, 155 S.W.2d 372 (1941).

Grounds of error two and three assert that reversible error was committed when the following occurred on the State's cross-examination of the defense witness Kevin Lockridge:

"Q  And you're not down here this morning just to be testifying, are you?
A  No.
Q  You're down here for another reason, aren't you?
A  Yes.
Q  Will you tell the jury what it is?
A  To receive probation.
Q  On what case?
A  On a burglary case.
Q  Is that the same burglary case that he pled on?
A  Yes.
DEFENSE COUNSEL:  We object to the line of questioning as being improper impeachment of the witness, Your Honor.

.      .      .      .      .

THE COURT:  Well, I'll overrule the objection."

It is contended that the foregoing constituted improper impeachment of the witness, and also that it erroneously allowed evidence of an extraneous offense on the part of the appellant to be placed before the jury.

■ The objection concerning improper impeachment was properly overruled. A witness may be impeached by showing that he has been finally convicted of a felony or a misdemeanor involving moral turpitude, or has been given a suspended sentence which has not been set aside, or has been given probation which has not expired. Tex.Code Crim.Proc.Ann. art. 38.29; *Nichols v. State*, 494 S.W.2d 830 (Tex.Cr.App. 1973). Proof of such a conviction may be elicited by questions designed to secure an admission on the part of the witness. *Nichols v. State*, supra; *Johnson v. State*, 453 S.W.2d 828 (Tex.Cr.App.1970). The testimony by the witness here that he was at the courthouse that day to receive probation in a burglary conviction was sufficient proof of the nature of the conviction and that it was not too remote in time.

■ Appellant did not object to the questions and answers on the ground that they wrongfully injected into evidence an extraneous offense on the part of the appellant. The only objection to the entire colloquy was that it was improper impeachment of the witness Lockridge. In that circumstance reversible error is not shown.

■ In grounds of error four and five appellant urges that the evidence is not sufficient to support the conviction because there was no direct proof of a lack of consent to his entry of the home. These grounds are based upon a number of decisions which hold that when the owner or a person in control of a house testifies at the trial, circumstantial evidence of lack of consent to the entry is not sufficient, but direct proof of that fact must be made by the owner. See, for example, *Stallworth v. State*, 167 Tex.Cr.R. 19, 316 S.W.2d 417 (1958), and cases there cited. But in *Taylor v. State*, 508 S.W.2d 393 (Tex.Cr.App.1974), this Court overruled the previous cases and held that, even when the owner testifies but does not specifically negate consent to entry, lack of consent may be proved by circumstantial evidence. In the present case Mr. Buenrostro testified personally and did not expressly negate consent to entry. But from other evidence in the record it is shown that neither Mr. Buenrostro nor Mrs. Buenrostro was at home on the occasion in question and that neither of them nor any other member of the family had ever known or even seen the appellant previously. Such evidence, considered with the other circumstances proven, is ample to support a conclusion of lack of effective consent to the entry.

All of appellant's grounds of error have been carefully considered and are overruled.

The judgment is affirmed.

Opinion approved by the panel.