**George William BROUSSEAU, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–310–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1983.

**692**

Juan A. Magallanes, Brownsville, for appellant.

Reynaldo S. Cantu, Jr., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of Credit Card Abuse. Following a jury trial, appellant was found guilty as charged in the second count of the indictment. Punishment was assessed by the trial court at four (4) years' confinement in the Texas Department of Corrections. Appellant raises two grounds of error. The sufficiency of the evidence is not challenged on appeal. We affirm.

By his first ground of error, appellant contends he was deprived of a fair and impartial trial when the state was allowed to introduce evidence of appellant's prior convictions and acts of misconduct. More specifically, appellant contends that the admission of such evidence violated the general principle that appellant was entitled to be tried only on those charges made in the state's pleading, and not for collateral crimes or for generally being a criminal. *Ortega v. State*, 626 S.W.2d 746 (Tex.Cr. App.1981). We note that the state has not timely filed a brief in this case.

■ The general rule is that a witness, by testifying, places his credibility in issue. The opposing party may seek to impeach the credibility of the witness by proof that the witness has been previously convicted of a felony offense or a misdemeanor offense involving moral turpitude. *Taylor v. State*, 612 S.W.2d 566 (Tex.Cr.App.1981); *Kirvin v. State*, 575 S.W.2d 301 (Tex.Cr.App.1978). This rule is supplemented in this state by the provisions of TEX.CODE CRIM.PROC.

ANN. art. 38.29 (Vernon 1979).[1] Such offenses, if admissible at all, must not be so remote in time so as not to be relevant to the present credibility of the witness. *Miller v. State*, 549 S.W.2d 402 (Tex.Cr.App. 1977); *Bustillos v. State*, 464 S.W.2d 118 (Tex.Cr.App.1971); 1 R. Ray, Texas Practice—Law of Evidence, § 658 at 587, 589 (3d Ed.1980). All of the foregoing rules are fully applicable when the defendant is testifying. *Taylor v. State*, 612 S.W.2d at 572; *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App. 1977).

■ Appellant complains that the trial court erroneously allowed the state to cross-examine the appellant on his criminal record. The record reflects the following cross-examination:

"Q. You say you've got a previous criminal record. Are you the same George Brousseau who, on December 22nd of 1980, was charged and convicted of carrying a concealed firearm in Naples, Florida?

A. Yes, sir. You can go aboard any vessel—

Q. No; just answer my questions.

A. All right.

Q. That's all I'm asking. Are you the same William Brousseau that, in Sarasota, Florida, on May 15th, 1978, was convicted for breaking and entering an automobile?

A. Yes.

Q. You received eighteen months in the Florida State Penitentiary for that offense?

A. Yes, sir.

Q. Are you the same George William Brousseau who, on the 27th of August of 1973, was convicted of passing a forged instrument?

1. Art. 38.29 of TEX.CODE CRIM.PROC.ANN. (Vernon 1979), provides:

"The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness *unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired . . . ."* (Emphasis added.)

A. Yes, sir.

Q. You received two years' jail time for that, didn't you?

A. Uh-huh.

Q. Are you the same William Brousseau that, in Saint Augustine, Florida, on June 6, 1973, was convicted of forgery?

A. Yes.

Q. Forgery is kind of similar to the crime here; you signed someone else's name?

MR. SELDON: Objection, Your Honor. There's no similarity between forgery and signing someone's name.

THE COURT: Sustained.

MR. SELDON: I ask that you instruct these jurors as to that.

THE COURT: Ladies and Gentlemen of the Jury, during your deliberations you will not consider that last question by counsel.

MR. SELDON: And, Your Honor, again, on current case law I have to ask for a mistrial.

THE COURT: Motion denied.

MR. NETTLES: I would ask for his case law on that.

THE COURT: The motion for mistrial will be denied, Counsel.

Q. BY MR. NETTLES: October 13, 1972, in Santa Barbara, California, you were convicted for public intoxication, weren't you?

A. I'd have to look at that to answer truthfully. I've been arrested so many times for public intoxication I don't remember, myself.

Q. Okay. On January 27th of '72 in Santa Barbara, California, you were convicted of forgery, spent a year in County Jail?

A. Again, I'd [sic] to look at that thing, whatever you've got there.

Q. How many times would you say you've been arrested?

A. If you could let me see that thing.

Q. I'd be happy to.

A. I don't know. I don't ever keep track of them myself.

Q. I'll let you see all six pages.

A. Here's one that's wrong. Phoenix, Arizona. No driver's license, reckless driving and DWI.

Q. I didn't ask you about that one.

A. I'm just saying that that one is wrong.

Q. I'm not even asking you about the ones you are charged with; just the ones you have been convicted of.

MR. SELDON: Your Honor, the question was, 'How many times have you been arrested?'

THE COURT: That's right. That's what you asked him.

MR. SELDON: *Your Honor, any further questions along this line I believe would be pointless. I believe counsel has gotten his point across.* (Emphasis added.)

Q. BY MR. NETTLES: Does that accurately reflect the number of times you've been charged with various crimes?

A. Yes. Like I say, there's a couple on there, Phoenix, Arizona, I don't believe I've ever been in Phoenix, Arizona."

It would appear from the record that the state was allowed to cross-examine the appellant with generally inadmissible evidence of prior convictions, i.e., carrying a concealed firearm and public intoxication (assuming such convictions were classified as misdemeanors under the applicable state law). *See Ochoa v. State,* 481 S.W.2d 847 (Tex.Cr.App.1972) (drunkeness not misdemeanor involving moral turpitude); *Trippell v. State,* 535 S.W.2d 178 (Tex.Cr.App. 1976) (carrying pistol is misdemeanor not involving moral turpitude); TEX.CODE CRIM.PROC.ANN. art. 38.29 (Vernon 1979). The record further shows that the state attempted to impeach appellant on prior acts of misconduct which did not amount to a final conviction under Art. 38.29, TEX. CODE CRIM.PROC.ANN. (Vernon 1979). Ordinarily, the arrest record of a defendant in a criminal prosecution is inadmissible, and the prosecutor should not have used these charges to impeach appellant. *See Shipman v. State,* 604 S.W.2d 182 (Tex.Cr. App.1980); *Nelson v. State,* 503 S.W.2d 543 (Tex.Cr.App.1974); *Burden v. State,* 634

S.W.2d 349 (Tex.App.—Fort Worth 1982, d.r. ref'd).

However, the salient issue before this Court is whether appellant properly and timely objected to the admission of this evidence at the time of trial. The rule of law is that the defendant must specifically object to the introduction of evidence of a prior conviction that would be inadmissible at the time the evidence is offered to preserve error for appellate review. *Goodrich v. State,* 632 S.W.2d 349 (Tex.Cr.App.1982); *Kirvin v. State,* 575 S.W.2d at 303; *Ochoa v. State,* 481 S.W.2d at 849. We hold no such objection was made in this record. In the one instance where the appellant objected, we note that the objection was sustained, and the jury was instructed not to consider the question. Error of this type in the admission of the improper question was cured by the trial court's instruction to the jury to disregard. *Thompson v. State,* 612 S.W.2d 925 (Tex.Cr.App.1981); *Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979); *McCarter v. State,* 527 S.W.2d 296 (Tex.Cr.App.1975). Appellant's request for a mistrial based on "current case law" was ineffective. Finally, concerning appellant's previous number of arrests, appellant's objection was that: "any further questions along this line would be pointless." This comment was not ruled upon by the trial court; therefore, the error, if any, was also not properly preserved for review. *Nastu v. State,* 589 S.W.2d 434 (Tex.Cr.App.1979), cert. den., 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Bryant v. State,* 570 S.W.2d 921 (Tex.Cr.App.1978).

We hold that the objections that were made did not call the trial court's attention to the correct rule of law applicable. Nowhere was there an objection to "opening the record." As such, no reversible error was shown. *Merx v. State,* 450 S.W.2d 658 (Tex.Cr.App.1970); *see also Gutierrez v.*

*State,* 628 S.W.2d 57 (Tex.Cr.App.1980). We need not determine the question of "remoteness." Ground of error number one is overruled for the same reasons that are stated above.

In his second ground of error, appellant complains he was denied reasonably effective assistance of trial counsel. In his brief, appellant points out several instances where trial counsel allegedly rendered ineffective assistance of counsel,[2] thereby denying appellant of a fair trial.

The standard which we must apply to appellant's ineffective assistance of counsel ground has been stated many times. The test is whether or not his attorney rendered "reasonably effective assistance." *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980); *Hurley v. State,* 606 S.W.2d 887 (Tex.Cr.App.1980); *Garcia v. State,* 649 S.W.2d 70 (Tex.App.—Corpus Christi 1982 no d.r.). The adequacy of an attorney must be gauged by the totality of the representation, and allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Ferguson v. State,* 639 S.W.2d 307 (Tex.Cr.App.1982); *Johnson v. State,* 614 S.W.2d 148 (Tex.Cr.App.1981); *Cude v. State,* 588 S.W.2d 895 (Tex.Cr.App.1979). Due to the nature of the allegation, each case must turn on its own particular facts and circumstances. *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981).

We have reviewed the entire record before us and find that, although counsel may have made several mistakes, counsel's efforts on appellant's behalf were sufficient to constitute reasonably effective assistance at trial. *See Ferguson v. State,* 639 S.W.2d at 310. Appellant's counsel filed various pretrial motions and conducted a thorough voir dire examination. During trial, appellant's attorney performed effective cross-

2. Appellant claims that his court-appointed counsel failed to file a motion to dismiss and pursue this argument on the basis of a violation of the Speedy Trial Act, TEX.CODE CRIM. PROC.ANN. art. 32A.02 (Vernon Supp.1982–83). Appellant also complains that his counsel failed to make specific objections to the admis-sion of appellant's prior convictions and acts of misconduct, and that counsel failed to request an instruction in the jury charge limiting the jury's consideration of these prior convictions and acts of misconduct as bearing only upon the issue of appellant's credibility.

examination of the state's witnesses and displayed a thorough knowledge of the facts surrounding appellant's case. Counsel appeared to have participated in the preparation of the charge and presented a final argument to the jury. Appellant's second ground of error is also overruled.

The judgment of the trial court is affirmed.