**Fred W. BELL, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–025–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1984.

Rehearing Denied Sept. 25, 1984.

Allen C. Lee, Rockport, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

OPINION

SEERDEN, Justice.

This is an appeal from a conviction for possession of heroin. Reserving his right to appeal the trial court's overruling of his motion to suppress evidence, appellant plead guilty and was assessed two years in the Texas Department of Corrections, which was probated, and assessed a fine of $10,000.

The sole ground of error presented for review is the correctness of the trial court's order overruling appellant's motion to suppress evidence seized at the time of his arrest.

This is a companion case to Number 13–83–493–CR, *Jo Katherine Lucas v. State of Texas*, 676 S.W.2d 217, and the facts surrounding the seizure of the contraband are the same in both cases.

At the hearing on the motion to suppress, the trial judge heard evidence from one of the arresting officers that he and several other officers went to an address in Aransas County to serve a protective custody order upon a person alleged to be a narcotics addict. Two officers, including the one who testified at the hearing, went to the front door. The testifying officer knocked and a voice from inside said "come in." The officer opened the unlocked door and immediately saw the women injecting herself with a hypodermic needle. She was the only person in the room. When this lead officer identified himself, the woman lunged at him in an attempt to stab him with the hypodermic needle. The officer then saw, in a plate on the table next to where the woman had been sitting, the contraband which was the subject of the motion to suppress. The objects seized were thought to be heroin, and later analysis proved this to be true.

In his only ground of error, appellant contends that the seizure of the contraband was the result of a violation of his civil

rights by a judge. He contends that the protective custody order executed by the County Judge was void and that the seizure of the contraband was obtained pursuant to the execution of such order. Without regard to the validity of the protective custody order, we conclude that the contraband was not seized as a result of the execution of such order, but rather as a result of the contraband being seen in "plain view" after entry into the residence in question by consent. The entry was with the consent of the occupant, and there is no claim that she lacked authority to consent to entry into the residence.

Appellant refers to a line of cases holding that consent to search must be shown by clear and convincing proof and that the waiver of one's constitutional rights to be secure from unreasonable searches can only be waived by knowing, intelligent and unequivocal consent. *Paulus v. State*, 633 S.W.2d 827 (Tex.Crim.App.1981); *Kolb v. State*, 532 S.W.2d 87 (Tex.Crim.App.1976). However, the consent relied on in this case is not consent to search, but consent to enter the residence. There is no showing that the officers gained entry into the residence by fraud or deceit. The evidence was simply that they knocked on the door and were told to "come in." Upon accepting that invitation, the contraband was in plain view. The rule expressed in *Alberti v. State*, 495 S.W.2d 236 (Tex.Crim.App. 1973), applies here. The officers, having been invited in, are not trespassers and have a right to seize articles in plain view. We overrule appellant's ground of error.

The judgment of the trial court is AFFIRMED.