**Jo Katherine LUCAS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–493–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 6, 1984.

Gene A. Garcia, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before KENNEDY, YOUNG and GONZALEZ, JJ.

OPINION

KENNEDY, Justice.

This appeal is from a conviction for possession of heroin following which the jury

assessed a probated term of ten years confinement and a fine of $10,000. The sole ground of error challenges the legality of the seizure of certain contraband later introduced into evidence against appellant. We affirm.

Before trial on the merits the trial judge conducted a hearing on a motion to suppress the evidence seized at the time appellant was arrested. At this hearing the judge heard evidence from one of the arresting officers that he and several other officers went to an address in Aransas County to serve a protective custody order upon a person alleged to be a narcotics addict. From information they had been given the officers anticipated that at least one other person (not appellant) whom they were seeking to arrest for drug violations would be present at the address. Two officers, including the one who testified at the hearing, went to the front door. The testifying officer knocked and a voice from inside said "come in." The officer opened the unlocked door and immediately saw appellant injecting herself with a hypodermic needle. She was the only person in the room. When this lead officer identified himself appellant lunged at him in an attempt to stab him with the hypodermic needle. The officer then saw in a plate on the table next to where appellant had been sitting the contraband which was the subject of the motion to suppress. The objects seized were thought to be heroin and later analysis proved this to be true.

Appellant's citations to the State and Federal authority concerning unconstitutional searches and seizures are not on point. In the case before us there was no consent given *only* after an assertion of authority as was condemned in *Evans v. State*, 530 S.W.2d 932 (Tex.Crim.App.1975). There was no evidence of over powering police presence as in *Kirvelaitis v. Gray*, 513 F.2d 213 (6th Cir.1975), cert. denied, 423 U.S. 855, 96 S.Ct. 103, 46 L.Ed.2d 80. Though there was a somewhat early morning raid (8 a.m.), as in *U.S. v. Shropshire*, 271 F.Supp. 521 (E.D.La.1967), appellant, who must have been the one who said

"come in," was not asleep or even partially so.

■ The undisputed evidence in this case shows that peace officers with authority to take a person, believed to be at a certain address, into custody knocked on the door of the address, were told to come in, and, upon entering, saw in plain sight evidence of a crime which they seized and later introduced into evidence. In *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), it was stated:

Yet is (sic) is also well settled that objects such as weapons and contraband found in a public place may be seized by the police without a warrant. The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.

We hold that being on the premises in any legal manner and seeing contraband in view is the equivalent of seeing it in a public place. Thus, the facts of this case meet the test stated in *Payton*. Stated another way, the test is:

1. There must be a prior justification for the intrusion,

2. an inadvertant discovery of incriminating evidence, and

3. probable cause to associate the property with criminal activity.

Appellant refers in her brief to a lack of effective consent to search the premises. But this is not a case where consent was necessary. As stated above, this is a plain view case. For a distinction between the two see *Hooper v. State*, 533 S.W.2d 762 (Tex.Crim.App.1976); *Mayberry v. State*, 532 S.W.2d 80 (Tex.Crim.App.1976); *Kolb v. State*, 532 S.W.2d 87 (Tex.Crim.App. 1976); *Alberti v. State*, 495 S.W.2d 236 (Tex.Crim.App.1973).

■ It is clear not from a reading of appellant's brief whether she claims that the protective custody order was invalid. If such a claim is made, we hold that in view of the consent to enter coupled with the fact that the contraband was in plain

view it is irrelevant whether the officer had a valid order in his possession. This holding is based upon the reasons stated by this court in *Bell v. State*, —— S.W.2d ——, 13–84–025 (Tex.App.—Corpus Christi, August 31, 1984). (Not yet reported). The trial judge was justified in denying the motion to suppress. There was no abuse of discretion. The judgment is AFFIRMED.