Abbaham N. Gelleb, J.
Defendant has been indicted for criminally concealing and withholding stolen and wrongfully acquired property having an aggregate value of $232, to wit, a watch.
Defendant has moved to suppress the evidence of the watch as the product of an illegal search, and to dismiss the indictment. That motion was referred to the Trial Justice, the case being on the calendar of Special and Trial Term, Part XXXVIII. A hearing, at which evidence was offered by defendant and the People, has been held before me.
On September 5, 1962 at about 1:00 p.m., defendant was taken into custody together with a detective posing at the time as a buyer of stolen gems of large size. The then apparent cause for defendant’s arrest was his possession of three rings, one of which, at least, was believed to have been wrongfully acquired by him. However, subsequent .investigation by the police has disclosed no facts supporting such a conclusion.
The detective who had posed as a buyer of stolen gems testified that in their first conversation defendant had volunteered that he had a ‘1 red-hot ’ ’ watch in his apartment which could be had at a good price, although the movement and back of the watch would have to be changed.
The testimony of this detective is that, after they were taken into custody by another detective waiting outside, defendant told him that he was worried about accounting for one of the rings, that he had a memorandum in his apartment showing one ring legitimately in his possession; and that if he could find a way to get there, he might be able to alter it to add the doubtful ring. This witness also testified that defendant told him that *535 he was not worried about the police finding the watch, because it was hidden in the radiator in his bedroom.
The arresting detective testified that, after being kept in the police station for soine time, defendant suggested that he be taken to his apartment to straighten out the entire matter, that he had memoranda at his apartment for the jewelry which would prove his legal possession thereof. They went to his apartment that evening and after some discussion regarding a memorandum showing only one ring to have been delivered to defendant, the detective went to the radiator, lifted the cover and removed the watch.
Defendant’s version as to the material elements of the original arrest and the subsequent search differs in all essential respects from the foregoing account.
The People have the burden of establishing the right to conduct the search, which resulted in the seizure of the watch.
The court finds that that burden has not been met. In addition, there are some improbable features to the case offered to sustain the legality of this search. It is hard to believe also that defendant would invite the detectives to his apartment so that he might, while they were there, alter a memorandum to add the allegedly doubtful ring. The memorandum, incidentally, was a carbon copy, which, of course, would make it well-nigh impossible to insert new matter while detectives were in the apartment. Moreover, defendant would surely be aware of the fact that the police could and would verify the true facts from the seller. The probability that no such stratagem was suggested for such a purpose by defendant is borne out by the fact that, even as of this date, the police have discovered no evidence of wrongful possession of any of the rings. It would be unrealistic to accept such an explanation for the search in defendant’s apartment which uncovered the Avatch, the subject of this indictment, after defendant had been arrested for possession of three rings, as to which subsequent investigation failed to reveal any evidence of wrongdoing on his part.
The motion to suppress must also be granted as a matter of law. The search cannot be justified by what it uncovers. Obviously, the search and seizure of the Avatch in the apartment is sustainable only on the ground of defendant’s consent. The search is not sustainable on the basis of alleged probable cause by virtue of the information allegedly given to the detective as to the ‘ ‘ hot ’ ’ watch, since there was adequate time and sufficient opportunity to obtain a search warrant upon his affidavit, assuming its legal sufficiency.
*536 The burden is on the People to show by clear and convincing evidence uncoerced consent as well as a search conducted within the limits of the actual consent, since the presumption is against a waiver of fundamental constitutional rights (Johnson v. Zerbst, 304 U. S. 458; see, also, Karwicki v. United States, 55 F. 2d 225). Even on the assumption of defendant’s alleged invitation to the detectives to come to his apartment to see certain memoranda ostensibly to establish his innocence, the detectives would not be warranted in seizing anything but contraband in open view or in conducting a general search of the apartment without his consent. According to the detectives’ own testimony, the invitation was a limited one, and those limits could not be exceeded if the search is sought to be justified on the ground of defendant’s consent.
The motion to suppress is accordingly granted.