Edward Lee ROBERTSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 36500.

Court of Criminal Appeals of Texas.

Feb. 19, 1964.

458

Mays & Mays, Fort Worth, Frank D. Coffey, Fort Worth, of counsel, for appellant.

Doug Crouch, Dist. Atty., R. J. Adcock and Albert F. Fick, Jr., Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery by assault; the punishment, thirty years.

The facts, briefly stated, show that at approximately 9:25 o'clock, a. m., on the morning of January 21, 1963, two men, one of whom was armed with a pistol, entered a Handymarket store in Benbrook, Tarrant County, Texas, and robbed the store manager, Billy D. Little, of $564.17 in money. Appellant was identified by Little later in the day at a police line-up and also at the trial as one of the men who had robbed him. At 3 o'clock, p. m., on the day of the robbery, Officers Cardwell, Leath, and Durant, of the Fort Worth police department, after receiving information of the robbery, went to an apartment on the second floor of a building in the city of Fort Worth, where they knocked on the door and informed the occupants they were officers.

In a short time, appellant opened the door and was informed by the officers that they were looking for three suspects in the Benbrook robbery. Appellant denied any knowledge of the robbery. Upon being told by the officers that they would like to talk to him, appellant stated: "Come on in." The three officers then entered the apartment and proceeded to search it. In the search, a .32 automatic pistol was found in a desk drawer, together with some money including two rolls of pennies, and a .22 calibre pistol was found inside a trash sack. The two pistols were introduced in evidence by the state, over appellant's objection, as state's exhibits #1 and #2.

Little, the victim of the robbery, identified the .32 calibre pistol at the trial as being similar to the pistol which appellant exhibited at the time of the robbery.

Appellant timely objected to the state's testimony showing the search of the apartment and to the introduction in evidence of the fruits thereof, on the ground that such was an illegal search and seizure, being without a search warrant.

Appellant's sole contention on appeal is that the court erred in admitting state's exhibits #1 and #2 in evidence, as they were fruits of an illegal search and seizure.

It is the state's contention that although the officers did not have a search warrant, the search of the apartment was not illegal because appellant invited them into the apartment and they were not trespassers. In substance, it is the state's position that appellant gave his consent to the search.

We are unable to agree that the evidence shows that appellant gave consent for the officers to search the apartment. Under the officers' testimony, appellant invited them into the apartment after they stated that they wanted to talk to him. The invitation to the officers to enter the apartment to talk to appellant cannot be construed as an invitation or consent to search.

While this appears to be a case of first impression in this state, the conclusion reached herein is in line with the holding by the Supreme Court of the United States in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, that a waiver of constitutional immunity from unreasonable search and seizure could not be inferred from the acts of an accused in admitting police officers into his apartment in compliance wtih their request for an interview.

In The People of the State of New York v. Mace, 38 Misc.2d 533, 237 N.Y.S.2d 769, it was held that an invitation by an accused to detectives to come to his apartment to see certain memoranda, ostensibly to establish his innocence, would not warrant their seizing anything but contraband in open view, or conducting a general search of the apartment without his consent.

Although the officers in the present case who entered the apartment upon appellant's

invitation were not trespassers and had the right to seize articles in open view, they did not—under the facts presented—have the right to conduct a search of the apartment.

The cases relied upon by the state are not, under the facts here, controlling. In the cases cited there was either a consent to search or an oral confession which led to finding the property, or, where merely an invitation to enter was given, the officers did not search the premises but only seized that which was in open view.

The search of appellant's apartment without a search warrant was an unreasonable search and seizure, in violation of Art. 1, Sec. 9, of the Constitution of this State, Vernons' Ann.St., and of the Fourth Amendment to the Constitution of the United States. In admitting evidence of the search and the fruits thereof, the court erred. Art. 727a, Vernon's Ann.C.C.P.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.