John David WOOTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 67883.

Court of Criminal Appeals of Texas,
Panel No. 2.

Sept. 30, 1981.

Rehearing Denied Nov. 18, 1981.

---

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly and Bradley K. Lollar, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of over four ounces of marihuana. Punishment was assessed at ten years and probation was granted.

Two grounds of error are raised; both challenge the lawfulness of the search and seizure. In the first ground of error he argues the search was conducted without probable cause and without a search warrant. In the other he argues the scope of the search was overbroad.

At the hearing on appellant's motion to quash, police officer Duckworth testified that on the evening of the search he and another officer were standing on a public sidewalk and observed marihuana plants in the window of appellant's second floor apartment. The officers went to the apartment and knocked on the door. When appellant opened the door, Duckworth could smell the odor of stale marihuana smoke and could see the marihuana plants in plain view. The officers then entered the apartment, seized the plants, and discovered a number of baggies of marihuana in a kitchen cabinet near where appellant was standing. Duckworth testified he searched the cabinet because it was close enough for appellant to have lunged for a weapon.

The marihuana plants would have yielded less than four ounces of marihuana, according to Duckworth. This conviction therefore rests on the marihuana found in the kitchen, and on the search that discovered that marihuana.

■■■ In his first ground of error appellant relies on *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). He argues the police should not have entered his apartment to seize the marihuana without having first obtained a search warrant. Duckworth testified that people were

seen going in and out of the apartment, and that the marihuana could have been removed had time been taken to obtain a warrant. This was sufficient to show exigent circumstances authorizing the entry and seizure without a warrant. See *Johnson v. U. S.*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). The evidence of Duckworth's observations of the marihuana plants, summarized above, also provided probable cause to seize the plants. Observation of the plants was not the product of a search. The first ground of error is overruled.

■ In the second ground of error appellant argues the scope of the search that discovered the baggies of marihuana in the kitchen cabinet was overbroad, and cites *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Although it appears the part of the search extending to other rooms of the apartment in which no persons were present was improper, it does not appear any evidence used against appellant was seized in those rooms. The marihuana seized from the kitchen cabinet, according to the testimony of Duckworth, was found when he searched the area within the reach of where appellant was standing, where he could have lunged to get a weapon. This was within the permissible area for a search incident to arrest under *Chimel*, supra. The ground of error is overruled.

The judgment is affirmed.

TEAGUE, J., concurs.

CLINTON, J., dissents.