Greg Roger **BRATBY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–83–01037–CR.

Court of Appeals of Texas,
Dallas.

July 12, 1984.
Rehearing Denied July 26, 1984.

Norman Stein, Howard C. Rubin, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

AKIN, Justice.

This appeal is from a conviction of possession of a usable quantity of marijuana in an amount of less than two ounces. Appellant contends that the trial court erred when it failed to suppress marijuana which was illegally seized. We hold that the trial court should have sustained the appellant's motion to suppress the marijuana because the police officers had ample opportunity to obtain a warrant before the seizure. Thus, the seizure was illegal. Accordingly, we reverse and remand.

The record reveals the following sequence of events leading to the appellant's arrest. Two police officers, while on routine patrol, were driving through the parking lot of the appellant's apartment complex. The officers noticed that marijuana plants were growing in small pots on a second floor balcony. The officers got out of their automobile, went over to the area under the balcony, and examined the plants from a distance of from five to ten feet. One officer stated that he was quite sure that the plants were marijuana. Following this observation, the officers went to the front door of the apartment and knocked. An individual opened the door and the officers stated: "at that point I explained to them that we observed marijuana plants growing on the balcony and we need to discuss that with them." The individual opened the door and told the officers to enter. At this point, the officer walked from the front door to a sliding glass patio door, a distance of fifteen feet, and "confirmed [his] suspicion" about the nature of the plants which he had observed from the parking lot. The appellant stated that the officer went to the patio, pulled the plants, and then returned. No showing exists that the plants were visible from the front door. After returning from the patio, the officer placed the individual who answered the door and two other individuals who occupied the apartment, one of whom was the appellant, under arrest. The officer then asked the appellant if the officers could search the rest of the apartment. The

officer told appellant and the other occupants of the apartment that, if a search warrant was secured, the officers would be free to tear out the walls and sinks in the apartment. At this point, the appellant signed a consent to search form. During a subsequent search of the apartment, a jar of marijuana seeds was discovered in one of the bedrooms, but these seeds were not introduced into evidence. One of the officers stated at trial that nothing prevented him from going to a magistrate and securing a warrant prior to going to the appellant's apartment.

■■■ These facts demonstrate that the police clearly had probable cause for a search warrant based on their observation of the plants which were in "plain view" on the balcony of the appellant's apartment.[1] The officer required no warrant to make these observations since they did not constitute a search. The officers were merely observing what was visible to the public in general. See 1 LaFave, Search and Seizure § 2.2(a) (1974). However, the State does not contend, nor could it reasonably contend, in our view, that the appellant did not have a reasonable expectation that his patio would be free from unwarranted governmental intrusions, and thus free the State from the need for a warrant. Furthermore, the mere existence of probable cause did not release the officers from the necessity of taking their observation to a disinterested magistrate and having that magistrate review their observation and then issue a warrant. As stated in *Coolidge*, 403 U.S. at 468, 91 S.Ct. at 2039, ... no amount of probable cause can justify a warrantless search absent "exigent circumstances." Uncontrovertable testimony of the senses that an incriminating object is on the premises belonging to a criminal suspect may establish the fullest measure of probable cause. But even where the object is contraband, this court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure.

*See also, Taylor v. U.S.*, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1932). Thus, the officers' view of the plants gave them the power to secure a warrant but not the power to make a warrantless seizure absent some circumstance excusing the necessity of a warrant.

■■■ In this case no exigent circumstance existed which permitted the warrantless intrusion by the police. The officers stated that they had no fear that the contraband would be destroyed during the time that would have been required to secure a warrant. Furthermore, the fact that another occupant of the apartment permitted the officers to enter the apartment in order to "discuss" the plants was not permission for the officers to enter the apartment, proceed to a part of apartment apparently not visible from the door, confirm his suspicion about the plants, and then seize them. *See Alberti v. State*, 495 S.W.2d 236, 237 (Tex.Crim.App.1973). The following quote from *Robertson v. State*, 375 S.W.2d 457 (Tex.Crim.App.1964), is controlling on the issue of whether an invitation to discuss a matter with police is a consent to search:

> It is the state's contention that although the officers did not have a search warrant, the search of the apartment was not illegal because appellant invited them into the apartment and they were not trespassers. In substance, it is the state's position that appellant gave his consent to the search.
>
> We are unable to agree that the evidence shows that appellant gave consent for the officers to search the apartment. Under the officers' testimony, appellant invited them into the apartment after they stated that they wanted to talk to him. The invitation to the officers to enter the apartment to talk to appellant

---

1. We note that the facts of this case do not fall under the "plain view doctrine" outlined in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1974). The distinc-

tion between the facts of this case and the *Coolidge* situation is outlined in 1 LaFave, Search and Seizure § 2.2(9) (1974).

cannot be construed as an invitation or consent to search.

Even if the officer had not stated that he had "confirmed his suspicions" which implied a search, we do not consider that the appellant's apartment-mate's invitation to discuss the plants was consent to proceed to another part of the house and to seize the plants.

■ Finally, we note that *Wooten v. State*, 623 S.W.2d 357 (Tex.Crim.App.1981), cited by the State, is not applicable to the instant case. Admittedly, a police officer in *Wooten* stated that he saw plants growing in an apartment window and that officer entered the apartment and seized the plants. However, exigent circumstances existed in *Wooten* because the officer stated that people were coming and going from the apartment and he was concerned that the contraband would be removed if he took time to secure a warrant. No exigent circumstances existed in this case.