### DON FREDRICK FRUECHTE V. STATE.

No. 29,862. June 11, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 15, 1958.

*Frank Mabry,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Dave Gibson,* Assistants District Attorneys, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court without a jury under a plea of not guilty, appellant was convicted of driving a motor vehicle upon a public highway while intoxicated and his punishment assessed at confinement in jail for 3 days and a fine of $100.00.

The sole question presented is the sufficiency of the evidence to show that appellant was the driver of the motor vehicle.

Officer W. J. Schulte, of the City of Houston Police Department, testified that on the day in question he investigated a collision in the 3100 Block of Main Street; that when he arrived at the scene he found a 1950 model Ford automobile sitting in the middle of the sidewalk which appeared to have been struck from the rear; that he observed a trace of water "going away from the scene;" that he followed the trail of water for approximately a block which led directly to a 1955 Ford automobile with a damaged front end, parked just off the street in which the appellant was seated under the wheel; that the radiator was pushed back over the fan and water was "still pouring out on the ground;" that as he walked up to the 1955 Ford he asked appellant if he was the driver, to which appellant replied that he was. In describing appellant's appearance at the time, Officer Schulte testified that he staggered, talked with a thick tongue, smelled very strong of alcoholic beverages and expressed his opinion that appellant was intoxicated.

Officer Hulett testified that he observed appellant at the scene; that appellant was unsteady on his feet, his speech was slurred, that he could smell an odor of alcohol on his breath and expressed his opinion that appellant was intoxicated.

It was stipulated by and between the state and the appellant that a blood specimen was taken from appellant and upon its analysis by Floyd E. McDonald, chemist and toxicologist for the city of Houston, the specimen revealed that it contained 0.21% alcohol by weight and that Chemist McDonald would have testified that this concentration of alcohol indicated, in his opinion,

that the subject was intoxicated at the time the specimen was taken.

Appellant did not testify or offer any evidence on his behalf.

Appellant insists that the evidence is insufficient to support the conviction because it does not show that he was the driver of the automobile other than by his extra-judicial confession which was not corroborated.

Recently in Bosquez v. State, (page 147, this volume), 311 S.W. 2d 855, the rule stated in the early case of Kugadt v. State, 38 Texas Cr. Rep. 681, 44 S.W. 989, 996, as to the sufficiency of evidence to corroborate a confession in establishing the corpus delicti was stated as follows:

"A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of the jury beyond a reasonable doubt.

"Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. Full proof of the body of the crime, the corpus delicti, independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient. 3 Am. & Eng. Enc. Law, p. 447. We take it that there can be no question that the prosecution is permitted to prove by circumstantial evidence the corpus delicti, and in aid thereto use (the) confession of the appellant."

The evidence in the instant case shows that appellant was seated behind the wheel of the 1955 Ford automobile after the collision. The radiator of the automobile was damaged and water was still draining therefrom. The trail of water led from the scene of the collision to where the automobile in which appellant was seated was parked.

Under the rule above stated we find the evidence sufficient to corroborate the appellant's confession that he was the driver of the automobile. See also, Green v. State, 299 S.W. 2d 134.

The judgment of the trial court is affirmed.

Opinion approved by the Court.