### R. L. ROBINSON V. STATE

No. 33,149. October 11, 1961
Motion for Rehearing Overruled November 22, 1961
Second Motion for Rehearing Overruled January 3, 1962

*A. L. Lowery,* and *Marion G. Holt,* Nacogdoches, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is arson; the punishment, two years in the penitentiary.

The sole question presented for review is the sufficiency of the evidence to support the conviction.

Appellant and his family lived in the city of Nacogdoches in a four-room frame house which he rented from one J. M. Am-

mons. On the night of July 20, 1960, the house burned, resulting in a loss of approximately $600 to Ammons, the owner, who had no insurance.

In the investigation which ensued it was determined that the fire originated inside the house in the bathroom. The electrical fuses in the fuse box on the house had been bridged, which placed a direct current into the house without the safety factor of a fuse. Both fuses were burned. One of the fuses had a penny welded into the socket and the residue of some material was found in the other fuse socket. Wiring taken from the house showed the effect of a tremendous heat passing through it. Fire Marshal E. C. Feazell testified that in his opinion the cause of the fire was electricity which came through the fuse box. He further testified that on the night of the fire appellant stated to him at the scene that he had no insurance.

It was shown by the state's testimony that on the date of the fire appellant had in force fire insurance in the total sum of $1,700 on his household goods and clothing in the house. One policy in the amount of $500 had been issued to him two days before the fire.

On August 1, 1960, appellant made a written statement to the officers in which he admitted burning the house to collect the insurance. In the statement which was introduced in evidence by the state over appellant's objection, appellant in describing his actions on the night in question stated in part, as follows:

"We came on over to my house at Looneyville Road or rather at I D. Taylor's which is pretty close to my house and me and my wife went on over to my house and the lights was off. I had trouble with the lights once before and they caught the house on fire and I put the fire out because I didn't have any insurance but a short time later which was on July 18, 1960, two days before the fire I bought a policy on the furniture and my clothes which covered $500.00 worth. I also had another policy with a Mr. Pitts for $1000 which gave me $1500 all told-me and my sister-in-law had been paying on the insurance policy. After I went in the house I lit a candle and took 3 wires in the bathroom and tied them together and wrapped them with some friction tape and laid them down side the wall near some of my clothes and then I went to the kitchen and got some Kaiser Aluminum foil that was wrapped around some meat — this foil is real heavy and is some-

times used for cooking. I tore a piece and made a heavy cap and went to the fuse box and put it in the box and turned the lights on-I then went back in the room where I had tied the wires together and they were smoking-I then went back to the front room and my wife said that something is burning and I told her to lets go because I have got insurance on it and we left out of the house and went on down to my sister-in-laws and went to bed. I could have stopped the fire than by screwing the fuse out but I wanted to collect my insurance. We went to sleep and in a short time I. D. Taylor came to the house and told me that my house had burned up. I wasn't surprised a bit because I knew what was going to happen when I put the aluminum foil in the fuse block."

Testifying as a witness in his own behalf, appellant repudiated his written statement made to the officers and testified that he did not freely and voluntarily make the same, but made the statement through fear because of brutality exercised upon him by the officers. The charge of brutality was denied by the officers. Appellant further stated that he was not at his home at the time of the fire, denied that he burned the house, and contended that the fire was caused from defective wiring.

The court submitted to the jury in his charge the question as to the voluntary nature of the confession and also charged the jury with reference to the corroboration necessary to convict appellant upon his written confession.

Appellant insists that the state wholly failed to prove the corpus delicti by showing that he wilfully burned the house. Appellant further contends that his conviction cannot be sustained upon his confession, because such confession was not corroborated.

In the recent case of Fruechte v. State, 166 Tex. Cr. R. 494, 316 S.W. 2d 418, the rule announced in the early case of Kugadt v. State, 38 Tex. Cr. R. 681, 44 S.W. 989, 996, with reference to the sufficiency of the evidence to corroborate a confession, in establishing the corpus delicti, was stated as follows:

" 'A confession is sufficient, if there be such extrinsic corroborative circumstances as will, taken in connection with the confession, produce conviction of the defendant's guilt in the minds of a jury beyond a reasonable doubt.' "

" 'Such suppletory evidence need not be conclusive in its character. When a confession is made, and the circumstances therein related correspond in some points with those proven to have existed, this may be evidence sufficient to satisfy a jury in rendering a verdict asserting the guilt of the accused. 'Full proof of the body of the crime, the corpus delicti, independently of the confessions, is not required by any of the cases; and in many of them slight corroborating facts were held sufficient.' 3 Am. & Eng. Enc. Law, p. 447. We take it that there can be no question that the prosecution is permitted to prove by circumstantial evidence the corpus delicti, and in aid thereto use [the] confession of the appellant.' "

A careful review of the facts and circumstances shown, surrounding the burning of the house in question, the place of origin of the fire in the house, the condition of the fuses, the fuse sockets, and all the other facts and circumstances, lead us to the conclusion that such evidence is —under the rule stated— sufficient to corroborate appellant's written confession and, when taken in connection therewith, is sufficient to sustain the jury's verdict finding him guilty as charged in the indictment.

The judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant contends that there was no proof of the corpus delicti of the offense outside of the confession. With this contention, we do not agree. According to this record, in order for combustion to occur, it was necessary that the fuse box be bridged and two wires come in contact somewhere inside the house.

The confession recites that he bridged the fuse box and tied three wires together in the bathroom. There was testimony from other witnesses which would authorize the jury to conclude that the fuse box had been bridged and that the fire originated in the bathroom. This we deem sufficient.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.