YOUNG V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-437-CR

JOHN ANTHONY YOUNG APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON REHEARING

------------

After reviewing Appellant’s motion for rehearing, we deny the motion.  We withdraw our May 19, 2005 opinion and judgment and substitute the following.

Introduction

Appellant John Anthony Young appeals from his conviction for driving while intoxicated.  In three points, Young asserts that the evidence was legally and factually insufficient to support his conviction and that the trial court abused its discretion by admitting certain hospital records into evidence.  We will affirm.

Background

Fort Worth Police Officer James Hill testified that he was dispatched to a traffic accident on the South Freeway in Fort Worth on August 24, 2003.  When he arrived on the scene, Hill found an undamaged pickup truck parked on the shoulder of the freeway.  Another officer, Detective Keyes, testified that the pickup was facing the “wrong direction,” that is, facing oncoming traffic. Hill testified that based on what he saw at the scene, Young was the only person who could have been driving the pickup.  Hill testified that Young told him that he had been driving the pickup and had lost control of the vehicle. 

Hill testified that he detected the odor of alcohol on Young’s breath and person.  He administered field sobriety tests to determine whether Young was intoxicated.  Hill testified that Young presented six “clues” of intoxication during the horizontal gaze nystagmus test, attempted but could not complete the walk-and-turn test, and refused to attempt the one-leg-stand test.  Hill concluded that Young was intoxicated and placed him under arrest. 

Detective Keyes drove Young to the jail.  Keyes testified that Young smelled like alcohol, and his eyes were bloodshot.  Keyes testified that upon arriving at the jail, Young began to complain of “diabetic shock or diabetic pain.”  Young was examined by emergency medical personnel, and then taken to the “Intoxilizer room” by Officer D. H. Towson. 

Towson testified that after he gave Young the appropriate statutory warnings, Young refused to give a blood sample.  Towson smelled alcohol on Young’s breath and person.  Towson further testified that Young told him, “Sir, I had six to eight beers at my friend’s house.”  Towson returned Young to the custody of Detective Keyes, who drove Young to the hospital.  

Over Young’s objections, the trial court admitted into evidence Young’s hospital records from the night in question.  Several pages in the records list Young’s medical history as “alcohol abuse, diabetic non-insulin dependent.”  The records also state that Young had an elevated blood sugar level. 

The jury returned a verdict of guilty.  The trial court sentenced Young to 120 days in jail, probated for two years, and an $800 fine.

Discussion

Young’s extrajudicial statement

In his first and second points, Young contends that the evidence is legally and factually insufficient to support his conviction because his extrajudicial statements that he consumed six to eight beers and drove a motor vehicle on the freeway were uncorroborated.  We disagree.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

The corpus delicti of driving while intoxicated is (1) the driving of a motor vehicle (2) on a public highway (3) while intoxicated.  
Turner v. State
, 877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.).  The State cannot rely solely on appellant's own extrajudicial confession to establish the corpus delicti of the offense; it must present some evidence to corroborate the confession.  
Id.
  However, proof of the corpus delicti does not have to be made independent of the extrajudicial admission.  
Id.
  To be sufficient, the corroborating evidence need only permit a rational finding of guilt beyond a reasonable doubt when considered in conjunction with the extrajudicial confession.  
Fruechte v. State
, 166 Tex. Crim. 496, 316 S.W.2d 418, 419 (1958); 
Turner
, 877 S.W.2d at 515.

Here, Young made two extrajudicial statements: that he consumed six to eight beers, and that he drove a motor vehicle on the freeway and lost control.  Young’s extrajudicial admissions are corroborated by testimony that he was found on the freeway next to a vehicle facing the wrong direction, smelled of alcohol, and failed or refused various sobriety tests.  This evidence, combined with Young’s admission, is both legally and factually sufficient to convict Young of driving while intoxicated.

In his motion for rehearing, Young argues that our holding is a radical departure from the rule established by the court of criminal appeals in 
Threet v. State
, 250 S.W.2d 200 (1952).  Specifically, Young contends that there is no evidence other than his extrajudicial statement that he was driving the pick-up, making the facts of this case “nearly identical” to the facts of 
Threet
.  We disagree.  In 
Threet
, a police officer was dispatched to the scene of a car wreck, where the officer found an overturned truck.  
Id.  
The officer found Threet not at the scene of the accident, but at a hospital.  
Id.  
Threet admitted that he had been driving the wrecked vehicle.  
Id.
  The court of criminal appeals reversed Threet’s conviction for driving while intoxicated because

[o]utside of appellant’s confession, we have only a turned-over or wrecked pick-up on the highway to establish his guilt.  
Except for such confession, there is no testimony that he was the driver of the truck, that he owned the truck, or 
that he was seen at the place of the wreck
.

Id. 
(emphasis added).  It is, of course, the last clause of this quotation that distinguishes our case from 
Threet
.  We note with disapproval that Young edited this quotation in his motion for rehearing to omit the last clause.  Unlike Threet, Young was seen at the place of the wreck.  Officer Hill testified that Young was the only person who could have been driving the truck.  This evidence is sufficient to corroborate Young’s admission that he had been driving the truck.  
Several of our sister courts have reached the same conclusion under similar circumstances in unreported opinions.  
See 
 
Frye v. State
, No. 05-03-01050-CR
, 
2004 WL 292660, at *2 (Tex. App.—Dallas Feb. 17, 2004, no pet.) (not designated for publication);
 Sharp v. State
, No. 03-01-00118-CR, 2002 WL 219872, at *3 (Tex. App.—Austin Feb. 14, 2002, no pet.) (not designated for publication); 
Vasquez v. State
, No. 13-97-227-CR, 1998 WL 34202174, at *2 (Tex. App.—Corpus Christi June 4, 1998, no pet.) (not designated for publication).  Moreover, Young admitted in his extrajudicial statement not only that he was driving, but that he had lost control of his truck.  Officer Hill found a truck facing the wrong direction on the freeway, which suggests that 
someone
 had lost control of it.  This fact, too, tends to corroborate Young’s extrajudicial admission that he had been driving the truck.

We overrule Young’s points one and two.

Young’s hospital records

In his third point, Young contends that the trial court abused its discretion by admitting into evidence medical records of Young’s treatment at a hospital after his arrest on the evening in question.  Specifically, Young points to the references in the medical records to “alcohol abuse” as part of his medical history.  Young argues that the records (1) were not relevant, (2) were more prejudicial than probative, and (3) represented inadmissible character conformity evidence.  We agree that the records were irrelevant and should not have been admitted, but we conclude that the error was harmless.

Abuse of discretion

We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 ( Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the court's decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Weatherred
, 15 S. W.3d at 542; 
Montgomery
, 810 S.W.2d at 391.

Young first argues that the hospital records were not relevant evidence.  “Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  
Tex. R. Evid.
 401.

In this case, Young’s hospital records had no tendency to make the existence of any fact of consequence more or less probable.  The significant entry in the hospital records states that Young had a history of alcohol abuse and diabetes.  The mere words “alcohol abuse” in a hospital record, without any explanation as to when such abuse might have occurred, do not make it more or less probable that Young was intoxicated on the evening in question.  The State argues that the medical records are relevant, as the prosecutor said at the beginning of trial, “because the State anticipates Defense counsel is going to go with the old diabetic excuse in this case.”  While there was some testimony about diabetes at trial—Detective Keyes testified that Young complained of diabetic shock but did not have the “fruity” smell characteristic of diabetics—there was no evidence that the symptoms of diabetes can be confused for intoxication.  Thus the evidence did not raise “the old diabetic excuse.”  We hold that the trial court abused its discretion by admitting the hospital records over Young’s relevancy objection.

Harm analysis

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  
Because we determine that the error is not constitutional, rule 44.2(b) is applicable.  
Tex. R. App. P.
 44.2(b).  Therefore, we are to disregard the error unless it affected appellant’s substantial rights.  
Id.
  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall v. State
, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref’d)
.  In making this determination, we review the record as a whole. 
 See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In this case, 
the prosecutor did not read the “alcohol abuse” notation to the jury or otherwise bring it to the jury’s attention.  The only reference the prosecutor made to the medical records was the following closing argument:

Defense counsel, you know, held up these medical records in front of you, and I want to do something for y’all.  What I want you to do, is if you look at these med records, I want you to look at every page of them.  Just don’t look [sic] at what Defense counsel wants you to look at.  I want you to look at every single page, and especially I want you to look at where it talks about what happened that night.  Because nowhere in here does it say he can’t take a blood test.  Nowhere in here does it talk about any physical injuries that would prevent him from doing field sobriety tests.  Nowhere in here.  If you want to see these medical records, look at each and every line in here.  Okay?  Just don’t look [sic] at certain parts of it.  Look at it all. 

Young contends that the State’s argument “emphasized and drew the jury’s attention” to his history of alcohol abuse.  We disagree.  The prosecutor did not specifically mention the alcohol abuse notation.  Nothing else in the record suggests that the verdict or judgment was “substantially swayed” by the admission of the medical records.  
See
 
Kotteakos
, 328 U.S. at 765, 66 S.Ct. at 1248.

We conclude that, in the context of the entire case against Young, the trial court’s error in admitting Young’s hospital records did not have a substantial or injurious effect on the jury’s verdict and did not affect Young’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See
 
Tex. R. App. P.
 44.2(b).
  We overrule Young’s third point.

Conclusion

Having overruled all three of Young’s points, we affirm the judgment of the trial court. 
 
See 
Tex
. R. App. P.
 43.2(a)
.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  July 14, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.