COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-437-CR
 
  
JOHN 
ANTHONY YOUNG                                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1] ON REHEARING
 
------------
        After 
reviewing Appellant’s motion for rehearing, we deny the motion. We withdraw 
our May 19, 2005 opinion and judgment and substitute the following.
I.      Introduction
        Appellant 
John Anthony Young appeals from his conviction for driving while intoxicated. In 
three points, Young asserts that the evidence was legally and factually 
insufficient to support his conviction and that the trial court abused its 
discretion by admitting certain hospital records into evidence. We will affirm.
II.     Background
        Fort 
Worth Police Officer James Hill testified that he was dispatched to a traffic 
accident on the South Freeway in Fort Worth on August 24, 2003. When he arrived 
on the scene, Hill found an undamaged pickup truck parked on the shoulder of the 
freeway. Another officer, Detective Keyes, testified that the pickup was facing 
the “wrong direction,” that is, facing oncoming traffic. Hill testified that 
based on what he saw at the scene, Young was the only person who could have been 
driving the pickup. Hill testified that Young told him that he had been driving 
the pickup and had lost control of the vehicle.
        Hill 
testified that he detected the odor of alcohol on Young’s breath and person. 
He administered field sobriety tests to determine whether Young was intoxicated. 
Hill testified that Young presented six “clues” of intoxication during the 
horizontal gaze nystagmus test, attempted but could not complete the 
walk-and-turn test, and refused to attempt the one-leg-stand test. Hill 
concluded that Young was intoxicated and placed him under arrest.
        Detective 
Keyes drove Young to the jail. Keyes testified that Young smelled like alcohol, 
and his eyes were bloodshot. Keyes testified that upon arriving at the jail, 
Young began to complain of “diabetic shock or diabetic pain.” Young was 
examined by emergency medical personnel, and then taken to the “Intoxilizer 
room” by Officer D. H. Towson.
        Towson 
testified that after he gave Young the appropriate statutory warnings, Young 
refused to give a blood sample. Towson smelled alcohol on Young’s breath and 
person. Towson further testified that Young told him, “Sir, I had six to eight 
beers at my friend’s house.” Towson returned Young to the custody of 
Detective Keyes, who drove Young to the hospital.
        Over 
Young’s objections, the trial court admitted into evidence Young’s hospital 
records from the night in question. Several pages in the records list Young’s 
medical history as “alcohol abuse, diabetic non-insulin dependent.” The 
records also state that Young had an elevated blood sugar level.
        The 
jury returned a verdict of guilty. The trial court sentenced Young to 120 days 
in jail, probated for two years, and an $800 fine.
III.    Discussion
        A.     Young’s 
extrajudicial statement
        In 
his first and second points, Young contends that the evidence is legally and 
factually insufficient to support his conviction because his extrajudicial 
statements that he consumed six to eight beers and drove a motor vehicle on the 
freeway were uncorroborated. We disagree.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484. There are two ways 
evidence may be factually insufficient: (1) the evidence supporting the verdict 
or judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt. Id. at 484-85. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. at 485. 
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
        The 
corpus delicti of driving while intoxicated is (1) the driving of a motor 
vehicle (2) on a public highway (3) while intoxicated. Turner v. State, 
877 S.W.2d 513, 515 (Tex. App.—Fort Worth 1994, no pet.). The State cannot 
rely solely on appellant's own extrajudicial confession to establish the corpus 
delicti of the offense; it must present some evidence to corroborate the 
confession. Id. However, proof of the corpus delicti does not have to be 
made independent of the extrajudicial admission. Id. To be sufficient, 
the corroborating evidence need only permit a rational finding of guilt beyond a 
reasonable doubt when considered in conjunction with the extrajudicial 
confession. Fruechte v. State, 166 Tex. Crim. 496, 316 S.W.2d 418, 419 
(1958); Turner, 877 S.W.2d at 515.
        Here, 
Young made two extrajudicial statements: that he consumed six to eight beers, 
and that he drove a motor vehicle on the freeway and lost control. Young’s 
extrajudicial admissions are corroborated by testimony that he was found on the 
freeway next to a vehicle facing the wrong direction, smelled of alcohol, and 
failed or refused various sobriety tests. This evidence, combined with Young’s 
admission, is both legally and factually sufficient to convict Young of driving 
while intoxicated.
        In 
his motion for rehearing, Young argues that our holding is a radical departure 
from the rule established by the court of criminal appeals in Threet v. State, 
250 S.W.2d 200 (1952). Specifically, Young contends that there is no evidence 
other than his extrajudicial statement that he was driving the pick-up, making 
the facts of this case “nearly identical” to the facts of Threet. We 
disagree. In Threet, a police officer was dispatched to the scene of a 
car wreck, where the officer found an overturned truck. Id. The officer 
found Threet not at the scene of the accident, but at a hospital. Id. 
Threet admitted that he had been driving the wrecked vehicle. Id. The 
court of criminal appeals reversed Threet’s conviction for driving while 
intoxicated because
   
[o]utside of appellant’s confession, we have only a turned-over or wrecked 
pick-up on the highway to establish his guilt. Except for such confession, there 
is no testimony that he was the driver of the truck, that he owned the truck, or 
that he was seen at the place of the wreck.
 
 
Id. 
(emphasis added). It is, of course, the last clause of this quotation that 
distinguishes our case from Threet.  We note with disapproval that 
Young edited this quotation in his motion for rehearing to omit the last 
clause.  Unlike Threet, Young was seen at the place of the wreck. Officer 
Hill testified that Young was the only person who could have been driving the 
truck. This evidence is sufficient to corroborate Young’s admission that he 
had been driving the truck. Several of our sister courts have reached the same 
conclusion under similar circumstances in unreported opinions. See Frye 
v. State, No. 05-03-01050-CR, 2004 WL 292660, at *2 (Tex. App.—Dallas Feb. 
17, 2004, no pet.) (not designated for publication); Sharp v. State, No. 
03-01-00118-CR, 2002 WL 219872, at *3 (Tex. App.—Austin Feb. 14, 2002, no 
pet.) (not designated for publication); Vasquez v. State, No. 
13-97-227-CR, 1998 WL 34202174, at *2 (Tex. App.—Corpus Christi June 4, 1998, 
no pet.) (not designated for publication). Moreover, Young admitted in his 
extrajudicial statement not only that he was driving, but that he had lost 
control of his truck. Officer Hill found a truck facing the wrong direction on 
the freeway, which suggests that someone had lost control of it. This 
fact, too, tends to corroborate Young’s extrajudicial admission that he had 
been driving the truck.
        We 
overrule Young’s points one and two.
        B.     Young’s 
hospital records
        In 
his third point, Young contends that the trial court abused its discretion by 
admitting into evidence medical records of Young’s treatment at a hospital 
after his arrest on the evening in question. Specifically, Young points to the 
references in the medical records to “alcohol abuse” as part of his medical 
history. Young argues that the records (1) were not relevant, (2) were more 
prejudicial than probative, and (3) represented inadmissible character 
conformity evidence. We agree that the records were irrelevant and should not 
have been admitted, but we conclude that the error was harmless.
                1.     Abuse of 
discretion
        We 
review a trial court's ruling to admit or exclude evidence under an abuse of 
discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 ( Tex. Crim. 
App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 
1991) (op. on reh’g). If the court's decision falls outside the “zone of 
reasonable disagreement,” it has abused its discretion. Weatherred, 15 
S. W.3d at 542; Montgomery, 810 S.W.2d at 391.
        Young 
first argues that the hospital records were not relevant evidence. “Relevant 
evidence” means evidence having any tendency to make the existence of any fact 
that is of consequence to the determination of the action more probable or less 
probable than it would be without the evidence. Tex. R. Evid. 401.
        In 
this case, Young’s hospital records had no tendency to make the existence of 
any fact of consequence more or less probable. The significant entry in the 
hospital records states that Young had a history of alcohol abuse and diabetes. 
The mere words “alcohol abuse” in a hospital record, without any explanation 
as to when such abuse might have occurred, do not make it more or less probable 
that Young was intoxicated on the evening in question. The State argues that the 
medical records are relevant, as the prosecutor said at the beginning of trial, 
“because the State anticipates Defense counsel is going to go with the old 
diabetic excuse in this case.” While there was some testimony about diabetes 
at trial—Detective Keyes testified that Young complained of diabetic shock but 
did not have the “fruity” smell characteristic of diabetics—there was no 
evidence that the symptoms of diabetes can be confused for intoxication. Thus 
the evidence did not raise “the old diabetic excuse.” We hold that the trial 
court abused its discretion by admitting the hospital records over Young’s 
relevancy objection.
                2.     Harm 
analysis
        Having 
found error, we must conduct a harm analysis to determine whether the error 
calls for reversal of the judgment. Tex. 
R. App. P. 44.2. Because we determine that the error is not 
constitutional, rule 44.2(b) is applicable. Tex. R. App. P. 44.2(b). Therefore, we 
are to disregard the error unless it affected appellant’s substantial rights. Id. 
A substantial right is affected when the error had a substantial and injurious 
effect or influence in determining the jury’s verdict. King v. State, 
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 
328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall v. State, 961 
S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref’d). In making this 
determination, we review the record as a whole. See Johnson v. State, 967 
S.W.2d 410, 417 (Tex. Crim. App. 1998).
        In 
this case, the prosecutor did not read the “alcohol abuse” notation to the 
jury or otherwise bring it to the jury’s attention. The only reference the 
prosecutor made to the medical records was the following closing argument:
  
Defense counsel, you know, held up these medical records in front of you, and I 
want to do something for y’all. What I want you to do, is if you look at these 
med records, I want you to look at every page of them. Just don’t look [sic] 
at what Defense counsel wants you to look at. I want you to look at every single 
page, and especially I want you to look at where it talks about what happened 
that night. Because nowhere in here does it say he can’t take a blood test. 
Nowhere in here does it talk about any physical injuries that would prevent him 
from doing field sobriety tests. Nowhere in here. If you want to see these 
medical records, look at each and every line in here. Okay? Just don’t look 
[sic] at certain parts of it. Look at it all.
 
 
Young 
contends that the State’s argument “emphasized and drew the jury’s 
attention” to his history of alcohol abuse. We disagree. The prosecutor did 
not specifically mention the alcohol abuse notation. Nothing else in the record 
suggests that the verdict or judgment was “substantially swayed” by the 
admission of the medical records. See Kotteakos, 328 U.S. at 765, 
66 S.Ct. at 1248.
        We 
conclude that, in the context of the entire case against Young, the trial 
court’s error in admitting Young’s hospital records did not have a 
substantial or injurious effect on the jury’s verdict and did not affect 
Young’s substantial rights. See King, 953 S.W.2d at 271. Thus, we 
disregard the error. See Tex. R. 
App. P. 44.2(b). We overrule Young’s third point.
IV.    Conclusion
        Having 
overruled all three of Young’s points, we affirm the judgment of the trial 
court. See Tex. R. App. P. 
43.2(a).
  
   
                                                          ANNE 
GARDNER
                                                          JUSTICE
     
 
PANEL 
B:   HOLMAN, GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.