MEMORANDUM OPINION

No. 04-05-00520-CR

Craig Alan NIESCHWIETZ,

Appellant

v.

The STATE of Texas ,

Appellee

From the County Court at Law No. 1, Bexar County, Texas

Trial Court No. 863616

Honorable Al Alonso , Judge Presiding

 

Opinion by: Phylis J. Speedlin , Justice



Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice



Delivered and Filed: June 21, 2006



AFFIRMED

 Craig Alan Nieschwietz appeals from his conviction for driving while intoxicated and sentence of 180 days in jail
suspended for one year of community supervision. We affirm the trial court's judgment.



Background

 The evidence admitted at trial showed that at approximately 2:00 a.m. on September 19, 2003, Elisha Evans was driving
eastbound on Bandera Road when a Toyota Camry traveling westbound turned left in front of her, causing her Jeep
Cherokee to collide with the Toyota. The Toyota driver attempted to start the vehicle and drive away, but it got stuck on a
grassy slope near the road. Two men exited the Toyota and fled on foot; Evans saw that one man was wearing a cowboy
hat. Evans followed the two men in her car and found the one wearing the cowboy hat hiding behind a column in a nearby
parking lot. She called out, "I see you! We need to exchange information." The man stepped forward and Evans observed
he was not walking straight, smelled of alcohol and was "not making any sense." He then turned and ran away. Evans
called the police at 2:29 a.m. to report the accident, stating that the other people had fled the scene. When the first officers
arrived, Evans pointed them in the direction where the men had run.

 Officer Olivarez arrived at the scene at approximately 2:31 a.m. and observed an abandoned Toyota Camry off to the side
of the road. He proceeded to a nearby parking lot where he saw Evans standing by her damaged vehicle. Evans gave him a
description of one of the men who had fled as a "white male in a black shirt," which he broadcast to other officers searching
the area. Within approximately five minutes, two other officers returned to the parking lot with two male suspects. Officer
Olivarez had already checked the vehicle registration for the Toyota Camry on his patrol car computer, and it showed the
vehicle was registered to "Craig Alan Nieschwietz." He had also found insurance paperwork in the Toyota listing
Nieschwietz as the owner and a driver of the vehicle. Olivarez testified that Nieschwietz had a strong smell of intoxicants
on his breath, was unsteady on his feet, and his eyes were glossed over and bloodshot, leading Olivarez to conclude based
on his experience that Nieschwietz was intoxicated. In addition, the officer observed that Nieschwietz's feet were muddy. 
It was Olivarez's opinion that Nieschwietz was the driver of the Toyota at the time of the accident. He arrested Nieschwietz
for fleeing the scene of an accident, public intoxication and DWI, cuffed him and placed him in the patrol car to wait for
another officer to assist with the DWI investigation.

 At 3:15 a.m., Detective De La Garza arrived at the scene and performed the standard field sobriety tests on Nieschwietz. 
Based on his performance on the tests, De La Garza believed Nieschwietz was intoxicated. In addition, De La Garza had
observed that Nieschwietz had a strong odor of intoxicants, glossy bloodshot eyes, was unsteady on his feet, swaying side to
side, had slurred speech, and appeared confused with disorderly clothing and muddy feet. De La Garza testified he detained
Neischwietz for suspicion of DWI and transported him to the police station where he performed the field sobriety tests
again in front of a video camera, approximately two hours after the initial dispatch call; he performed better on the
videotape, but still showed signs of intoxication. On the videotape, Nieschwietz states that he was not at fault in the
accident because he was simply making a turn and someone else hit him. Nieschwietz refused to take a breath test. De La
Garza testified at trial that in his opinion Nieschwietz was intoxicated at the scene as well as at the police station. Olivarez
testified at trial that the Toyota driver caused the accident by making an unsafe turn because he failed to yield the right of
way and was under the influence of alcohol; he further stated that in his opinion Nieschwietz was the driver of the Toyota
and was driving while intoxicated.







Analysis

Motion to Suppress Evidence

 In his first three issues, Nieschwietz asserts the trial court abused its discretion in denying his motion to suppress evidence
seized as a result of his illegal arrest under the Fourth and Fourteenth Amendments to the United States Constitution, article
I, § 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure. U.S. Const. amends. IV, XIV;
Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). Because Nieschwietz does not argue or
provide authority that article I, § 9 of the Texas Constitution provides different protection than the Fourth Amendment, we
will make no distinction between his federal and state claims. Arnold v. State, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993);
Sturchio v. State, 136 S.W.3d 21, 23 (Tex. App. -- San Antonio 2002, no pet.). In addition, article 38.23(a) is not an
independent ground for objection to admission of evidence at trial; rather, it codifies the procedural result that occurs when
evidence is determined to have been illegally seized. Tex. Code Crim. Proc. Ann. art. 38.23(a); Polk v. State, 738 S.W.2d
274, 276 (Tex. Crim. App. 1987). Therefore, we need not separately address Nieschwietz's third issue.

 We review a trial court's ruling on a motion to suppress for an abuse of discretion under a bifurcated standard. Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We afford almost total deference to the trial court's express or
implied findings of fact supported by the record, but review its application of the law to the facts de novo. Id. at 327-28; see
also Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When a trial court does not make findings of fact in
denying a motion to suppress, we view the evidence in the light most favorable to the court's ruling and assume the court
made implicit findings of fact in support of its ruling as long as those findings are supported by the record. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial court's decision is correct on any theory of law applicable to the case,
its decision will be upheld. Id. at 855-56. We review a determination of probable cause under a de novo standard because it
is a mixed question of law and fact that does not turn on an evaluation of credibility and demeanor. Id. at 856; Moss v. State,
75 S.W.3d 132, 137 (Tex. App.--San Antonio 2002, pet. ref'd).

 It is undisputed that Nieschwietz was arrested without a warrant. For a warrantless arrest to be valid, the State must show
that (1) the arrest was based on probable cause, and (2) the arrest fell within one of the statutory exceptions to the warrant
requirement. See Tex. Code Crim. Proc. Ann. art. 14.03(a) (Vernon Supp. 2005); see also Amores v. State, 816 S.W.2d
407, 413 (Tex. Crim. App. 1991); Johnson v. State, 32 S.W.3d 294, 298 (Tex. App.--San Antonio 2000, pet. ref'd).
Nieschwietz states in his brief that he is only challenging the warrantless arrest on the first prong,i.e., a lack of probable
cause. Therefore, we will limit our analysis to the existence of probable cause. To determine whether probable cause
exists, we look to the totality of the circumstances. Amores, 816 S.W.2d at 413; Johnson, 32 S.W.3d at 298. "Probable
cause [to arrest] exists where the police have reasonably trustworthy information, considered as a whole, sufficient to
warrant a reasonable person to believe a particular person has committed or is committing an offense." Hughes v. State, 24
S.W.3d 833, 838 (Tex. Crim. App. 2000); see also Johnson, 32 S.W.3d at 298. Probable cause requires "more than mere
suspicion but far less evidence than that needed to support a conviction or even ... to support a finding by a preponderance
of the evidence." State v. Parson, 988 S.W.2d 264, 267 (Tex. App.--San Antonio 1998, no pet.). When members of the
same law enforcement agency have been cooperating in the investigation, we consider the sum of the information known to
the cooperating officers at the time of the arrest in determining whether there was sufficient probable cause. Moss, 75
S.W.3d at 138; see also Woodward v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982).

 Officer Olivarez was the only witness to testify at the suppression hearing. He testified that when the other officers brought
the two suspects back to the parking lot, they were detained so he could determine which one was the driver of the Toyota at
the time of the accident; he stated that Nieschwietz was not free to leave because he was "being investigated for his part in a
hit and run accident." When Olivarez inquired which man was the driver of the Toyota, Nieschwietz stated that he was the
driver. Olivarez testified he gave Nieschwietz his Miranda warnings after he admitted being the driver because he appeared
intoxicated beyond the legal limit. (1) Olivarez testified to his observations that Nieschwietz's breath had a strong smell of
intoxicants, his speech was slurred, he was unsteady on his feet, and his eyes were "glossy" - all of which led Olivarez to
believe that Nieschwietz was over the legal limit of 0.08 for operating a motor vehicle at that time, and that he had lost the
normal use of his mental and physical faculties. Olivarez placed Nieschwietz in the patrol car and called for a DWI Task
Force officer to come to the scene to evaluate Nieschwietz. Olivarez stated that at that time Nieschwietz was under arrest
for DWI; he did not recall whether Nieschwietz was handcuffed but stated he probably was cuffed. Olivarez testified that
he believed Nieschwietz was intoxicated and was the driver of the Toyota at the time of the accident based on his admission
to being the driver and the vehicle registration check showing he was the registered owner of the Toyota. The trial court
found there was probable cause for a warrantless arrest and denied the motion to suppress, except as to the oral statement,
without making express findings of fact.

 Without citing any authority on point, Nieschwietz argues that because the two officers who returned him to the parking lot
did not testify at the suppression hearing as to why he was seized, there was a "missing link" which was fatal to the court's
finding of probable cause. See Tex. R. App. P. 38.1(h). Olivarez was the investigating officer who broadcast the
description of one of the suspects that he obtained from Evans and requested that the suspects be brought to the parking lot.
As the requesting officer, Olivarez was the only officer whose testimony was necessary at the suppression hearing to reveal
the facts and circumstances that he believed gave rise to reasonable suspicion to detain, or probable cause to arrest,
Nieschwietz for driving while intoxicated. See Farmah v. State, 883 S.W.2d 674, 678 (Tex. Crim. App. 1994) (when one
officer relies solely on another officer's request to arrest a suspect, probable cause is based on the requesting officer's
knowledge). Olivarez testified at the hearing that Nieschwietz was merely detained by the other officers who returned him
to the parking lot, and was not arrested until after he admitted being the driver. While an officer's subjective belief as to
whether an arrest or only a detention has occurred is not determinative, it is one factor to be considered in determining
whether an arrest has taken place. See Rhodes v. State, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997).

 We conclude the record supports the existence of probable cause to believe that Nieschwietz had committed the offense of
driving while intoxicated when he was arrested by Olivarez. When the only witness at a suppression hearing is the arresting
officer whose testimony, if believed, establishes probable cause, and the trial court denies the motion to suppress without
any express findings of fact, there are two implied fact findings: "the officer's testimony was credible; and the facts are as
the officer testified." Ross, 32 S.W.3d at 856 n. 22. Based on Olivarez's testimony to the vehicle registration being in
Nieschwietz's name, the apprehension of Nieschwietz in the immediate vicinity of the accident within a short time after the
accident, (2) his observations of Nieschwietz being in an intoxicated state, and Nieschwietz's admission to being the driver,
we hold the totality of the circumstances known to Olivarez provided sufficient probable cause to arrest Nieschwietz at the
time he warned him of his rights, handcuffed him, and placed him in the patrol car. See Cornealius v. State, 870 S.W.2d
169, 172 (Tex. App.--Houston [14th Dist.] 1994), aff 'd, 900 S.W.2d 731 (Tex. Crim. App. 1995) (statement against penal
interest is inherently credible and may be sufficient, in and of itself, to establish probable cause for an arrest). Nieschwietz's
issues challenging the denial of his motion to suppress are overruled.

 Legal and Factual Sufficiency.

 In his fourth and fifth issues, Nieschwietz asserts the evidence is legally and factually insufficient to support the jury's
finding that he was operating a motor vehicle while intoxicated as required for a conviction under § 49.04(a) of the Texas
Penal Code. Tex. Pen. Code Ann. §49.04(a) (Vernon 2003). Nieschwietz does not challenge the sufficiency of the
evidence that he was intoxicated; he only claims the evidence is insufficient to prove he was the driver of the vehicle. To
determine legal sufficiency, we view the evidence in the light most favorable to the verdict and ask if any rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). In conducting a factual sufficiency
review, we view "all the evidence in a neutral light, both for and against the finding, and set aside the verdict if 'proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.'" Vodochodsky, 158 S.W.3d at 510.

 Relying on Threet v. State, Nieschwietz asserts the evidence was insufficient to establish thecorpus delecti of the DWI
offense, i.e., that he was driving on a public highway while intoxicated, because his extrajudicial confession on the
videotape (that he was making a turn when the other car hit him) was not corroborated by other evidence. (3) See Threet v.
State, 157 Tex. Crim. 497, 250 S.W.2d 200, 202 (1952) (holding that an accused's extrajudicial confession can not itself
establish the corpus delecti of a DWI offense); see also Brown v. State, 576 S.W.2d 36, 42-43 (Tex. Crim. App. 1978)
(extrajudicial confession of defendant must be corroborated by other evidence tending to show a crime was committed). 
While the State may not rely solely on the defendant's own extrajudicial confession to establish the corpus delecti of the
offense, it need only present some evidence to corroborate the confession and the confession itself may be used to aid in the
establishment of the corpus delecti. Turner v. State, 877 S.W.2d 513, 515 (Tex. App.--Fort Worth 1994, no pet.); Zavala v.
State, 89 S.W.3d 134, 137 (Tex. App.--Corpus Christi 2002, no pet.). To be sufficient, the corroborating evidence need
only permit a rational finding of guilt beyond a reasonable doubt when considered in conjunction with the extrajudicial
confession. Fruechte v. State, 166 Tex. Crim. 496, 316 S.W.2d 418, 419 (1958); Turner, 877 S.W.2d at 515.

 Nieschwietz argues that because no witness could place him behind the wheel of the car, there was no corroboration, or
insufficient corroboration, of his admission on the videotape that he was driving when Evans hit him. While neither Evans
nor the two investigating officers saw which man was driving the Toyota Camry, there was other corroborating evidence
from which the jury could draw a reasonable inference that Nieschwietz was the driver. Jones v. State, 944 S.W.2d 642,
647-48 (Tex. Crim. App. 1996) (a jury may draw reasonable inferences from the evidence before it);Kapuscinski v. State,
878 S.W.2d 248, 249 (Tex. App.--San Antonio 1994, pet. ref'd) (jurors may "draw reasonable inferences from basic facts to
ultimate facts"). Officer Olivarez testified, over objection, that he found insurance documents inside the Camry listing
Nieschwietz as the owner and driver of the vehicle. In addition, Olivarez testified to his opinion, based on his investigation,
that Nieschwietz was the driver of the Camry, was at fault in causing the accident, and was driving while intoxicated at the
time of the accident. Based on Nieschwietz's admission in the videotape that he was driving the vehicle, and the
corroborating evidence consisting of Nieschwietz's presence at the scene, the vehicle insurance documents listing him as
owner of the vehicle, and Officer Olivarez's opinion based on his investigation, the jury could reasonably find that
Nieschwietz was the driver of the Toyota Camry at the time of the accident. (4) See Fancher v. State, 167 Tex. Crim. 269,
319 S.W.2d 707, 708 (1958) (defendant's extrajudicial confession was sufficiently corroborated under the facts of the case
by his presence at the scene and evidence that he was the owner of the vehicle);Folk v. State, 797 S.W.2d 141, 144 (Tex.
App.--Austin 1990, pet. ref'd) (evidence that vehicle was registered to defendant's roommate was sufficient corroboration of
his admission that he was driver);Zavala, 89 S.W.3d at 137 (evidence that defendant was purchasing and had taken
possession of the vehicle was sufficient corroboration of his extrajudicial confession). Based on our review of the record,
we conclude that the evidence is legally and factually sufficient to support Nieschwietz's conviction for driving while
intoxicated. His fourth and fifth issues are overruled.

Admission of Evidence.

 In his sixth, seventh and eighth issues, Nieschwietz asserts the trial court abused its discretion in overruling his objections
and permitting Officer Olivarez to testify about the vehicle registration because it was inadmissible hearsay and a violation
of his confrontation rights under the state and federal constitutions. (5) See U.S. Const. amend. VI; Tex. Const. art. I, §10. 
We review a trial court's ruling admitting or excluding evidence for an abuse of discretion and must uphold the ruling if it
was within the zone of reasonable disagreement. Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004);
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opin. on reh.). In deciding a constitutional issue, we
review the trial court's ruling de novo. Lilly v. Virginia, 527 U.S. 116, 134 (1999).

 Nieschwietz asserts that his state (6) and federal confrontation rights were violated by admission of Officer Olivarez's
testimony about the vehicle registration information he obtained from a computer search. In Crawford v. Washington, the
Supreme Court held that the Sixth Amendment's Confrontation Clause bars the admission of out-of-court testimonial
statements made by a witness who does not testify unless the witness is unavailable to testify and the defendant has had a
prior opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36, 53-54 (2004). In order to trigger the
protection provided by the Confrontation Clause, there must be an out-of-court statement made by an absent witness which
is testimonial in nature. Id. at 68. Here, not only was Officer Olivarez present in court and subject to cross-examination,
the computer entry showing vehicle registration is akin to a business or public record and is thus non-testimonial under
theCrawford analysis. The Supreme Court stated in Crawford that testimonial hearsay includes "at a minimum ... prior
testimony at a preliminary hearing, before a grand jury, or at a former trial; and [statements derived from] police
interrogations." Id. The Court also noted, however, that the traditional hearsay exceptions, such as business records, are
non-testimonial in nature. Id. at 56.

 The Texas Court of Criminal Appeals has distinguished between documents recording routine, objective observations
made as part of the daily functions of the preparing official or agency, which are admissible as a public record, and those
made during the "more subjective endeavor of investigating a crime," which are not. Cole v. State, 839 S.W.2d 798, 803
(Tex. Crim. App. 1990). Texas courts have used this distinction between records that contain objective or historical
information and those that contain subjective observations pertaining to the defendant to determine whether a particular
record is testimonial under Crawford. See, e.g., Mitchell v. State, No. 04-04-00885-CR, 2005 WL 3477857 at *1 (Tex.
App.--San Antonio Dec. 21, 2005, pet. ref'd) (holding autopsy report was non-testimonial business record to which
Crawford did not apply and thus assistant medical examiner's testimony about autopsy report she did not prepare was not
violation of Confrontation Clause); Moreno Denoso v. State, 156 S.W.3d 166, 182 (Tex. App.--Corpus Christi 2005, pet.
ref'd) (admission of autopsy report did not violate Confrontation Clause); Ford v. State, 179 S.W.3d 203, 209 (Tex.
App.--Houston [14th Dist.] 2005, pet. ref'd) (holding jail records not containing statements or observations by correctional
officers were public records and non-testimonial); but see Russeau v. State, 171 S.W.3d 871, 880-81 (Tex. Crim. App.
2005), petition for cert. filed (U.S. Dec. 28, 2005) (holding that prisoner's discipline and incident reports containing written
statements by correctional officers of their own observations were testimonial and subject to the Sixth Amendment
Confrontation Clause). An officer's vehicle registration or driver's license check on a computer has been held admissible
under the hearsay exception for public records. Tex. R. Evid. 803(8); see Tanner v. State, 875 S.W.2d 8, 9-10 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd) (holding a driver's license record is not subject to individual interpretation or
prepared for purposes of litigation, and is therefore admissible as a public record); Smith v. State, 895 S.W.2d 449, 455
(Tex. App.--Dallas 1995, pet. ref'd) (same); see also Price v. State, No. 08-01-00073-CR, 2002 WL 471343 at *6-7 (Tex.
App.--El Paso March 28, 2002, pet. ref'd) (not designated for publication) (officer's testimony regarding driver's license
check on computer was admissible under public records exception); Pendley v. State, No. 02-03-00111-CR, 2004 WL
2712109 at *7 (Tex. App.--Fort Worth Nov. 24, 2004, pet. ref'd) (not designated for publication) (vehicle registration
admissible under public records exception to hearsay rule). Here, Officer Olivarez's testimony that the vehicle registration
records showed Nieschwietz was the registered owner of the vehicle was not an out-of-court statement providing his own
subjective observations, but rather a statement of objective and historical information contained in a public record. 
Therefore, the evidence was non-testimonial under Crawford and did not implicate Nieschwietz's confrontation rights.

 With respect to the hearsay challenge, the State concedes in its brief that the testimony about the vehicle registration was
admitted for the truth of the matter asserted and that no hearsay exception was proffered at trial, but argues the admission of
the evidence was harmless. We agree. Nieschwietz presents no argument or authority in his brief as to the harmfulness of
the error. We conduct a harm analysis for non-constitutional error by determining whether the error affected the substantial
rights of the defendant, i.e., whether it had a substantial or injurious effect on the jury verdict. Tex. R. App. P. 44.2(b);
Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We will not overturn a criminal conviction for
non-constitutional error if, after examining the record as a whole, we have "fair assurance that the error did not influence the
jury, or had but a slight effect." Id. (quoting Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). We have
already stated, supra, that the vehicle registration evidence was not necessary for there to be sufficient evidence to
corroborate Nieschwietz's extrajudicial admission and to support his conviction for driving while intoxicated. Accordingly,
based on our review of the record, we conclude that any error in admitting the testimony concerning the vehicle registration
did not affect his substantial rights and was harmless. Tex. R. App. P. 44.2(b).

 Based on the foregoing reasons, we affirm the trial court's judgment.

 

 Phylis J. Speedlin , Justice





DO NOT PUBLISH

1. Nieschwietz's oral admission was not recorded, and at the conclusion of the hearing the court granted the motion to
suppress as to the oral statement. 

2. Olivarez also stated there were very few people in the area because it was so late, between 2:30 a.m. and 3:00 a.m. 

3. Nieschwietz raised no objection to admission of the videotape.

4. Officer Olivarez also testified that he ran a vehicle registration check which showed Nieschwietz was the registered
owner of the Toyota Camry. Nieschwietz challenges the admissibility of this testimony concerning the vehicle registration
in three issues on appeal, which we address below. Even if the evidence regarding the vehicle registration was excluded, as
Nieschwietz contends it should have been, there was still sufficient evidence to corroborate his admission that he was the
driver. 

5. Although Nieschwietz made the same trial objections to Olivarez's testimony about the insurance documents, he does
not challenge their admissibility on appeal. 

6. Nieschwietz provides no authority to establish that his protection under the Texas Constitution differs from the scope of
protection provided by the Sixth Amendment's Confrontation Clause; therefore, we need not separately address his state
constitutional issue. Arnold, 873 S.W.2d at 33; Sturchio, 136 S.W.3d at 23.